-HupfiN, Judge
 

 —
 

 The court does not entertain a doubt, that the transaction between the plaintiff and
 
 Mi tchell
 
 and
 
 Cheek
 
 is usurious.. The discounting'of a bill,or bond, and taking-the general endorsement of the holder, does
 
 ex vi tcrnlini
 
 constitute a loan
 
 •,
 
 and if. the rate of discount exceed that fixed by the statute, it is an usurious loan.; It is said,
 
 non
 
 constat, that these parties knew that the endorsers were hound thereby; without which there was no corruption. It is to be taken, they knew it; and that the indoi’sement expresses their contract, until the contrary, -as a mistake in the writing,, ox- the like, be shown. If a persoix misconstrues the statute or the law, he must abide by his error. If he mistakes the fact, as the amount reserved, he may show it. But here, there was no attempt to show even a misapprehension of the liability ci’eated by the endorsement.
 

 Taking the indorsement to- be usmdous, another question arises, namely, whether the defendants can avail themselves of it. The court does not disguise, that upon this question very serious difficulties exist, and that notwithstanding the authorities cited, doubts not at all light, are vet entertained. But upon the strength'of the autho-
 
 *32
 
 the obligor and obligees. Tbe ike usurious agreement between riti.es, and the opinion heretofore generally received by the country at large, and the profession, the court feels constrained to decide, that the defendants cannot avail themselves of any intermediate illegality. The bond was available between former is not privy to the latter and tbe present holder. If tbe security he in its origin usurious, it is void, into whose hands soever it gets, by the words of the statute. If it be good in its origin, a subsequent usurious agreement between tbe same parties, does not avoid it, though it may subject the one party to the penalty, if any thing be received under the corrupt agreement. And if it be good in its-origin, the subsequent transfer of it,’ usurioasly, docs not affect it as against the maker. No redress can be had on the endorsement as between the parties to it. The very object of the statute is, to protect tbe borrower,, as an oppressed man. But there is no oppression on the ■ obligor who is a true debtor. .The law was not'introduced for his protection. It is for- the interest of the party injured, and the advancement of justice, that the transfer should be held valid; because where the assignee receives the money, the borrower can recover from him the excess above the principal advanced, and legal interest. But unless the obligor be obliged to pay, tbe endorser may be without remedy, without first paying to the endorsee the principal borrowed and interest. At least, it has been so-decided.
 
 (Fitzray
 
 v. Gwillim 1
 
 T. R.
 
 153). However, general reasoning on the subject, it is admitted, is not éntirely satisfactory either way. And the court would feel much hesitation in coming to a conclusion, were there-not adjudged cases in point.
 
 Munn v. The Commission Company
 
 (15
 
 John.
 
 44) is direct. The decision is, that a note valid between the maker and payee, so that the latter could maintain an action on it, is also valid, as against the maker, in the hands of an endorsee, who has discounted it at a higher rate than is legal, and the endorsee himself may recover the whole ainount from the maker. This goes the full length of the present case. So also does
 
 *33
 
 the cáse of
 
 Bush
 
 v.
 
 Livingston et al.
 
 (2
 
 Caines’ Cas. in Er.
 
 86) which is-very strong, inasmuch as the indorser him-i *ti « « ^ _ self was a party. • It was a bill tor foreclosure by tne assignee of a mortgage against the mortgagor, to which, of course, the mortgagee was made a'defendant. The mortgagor relied, ■ in his answer, «pon the "usury'Committed by the plaintiff in getting his assignment. It was held, that it- did not lie with him, and that Ms obligation to make.payment Of the original .debt was'not impugned by it.
 

 
 *32
 

 If
 
 a security be usurious in its creation, it is void in tbe hands of on innocent holder.
 

 But if valid in its inception, a subsequent usurious agreement does not avoid it.
 

 The object of the statute against usury is to protect the borrower, not to enable a rea.1 debt- or to avoid the payment of a true debt.; and hence the latter cannot aver an usurious assignment, no as to defeat the as-signee.
 

 
 *33
 
 . ,. ,. ,. exists between ^^t^accommodation notes, are perfect^and 0I! which an ac-turnean be maintained. in the first case, the"d>s-countis aloanto the maker, and the notf 1S v°ld tute, in the ae-paliase ofín existing-valid see^orseeimyre-cover on it,
 

 -A great number of cases were cited 'from the English books on the part of the defendant. But they are all"
 
 nisi imus
 
 cases,' except that, of
 
 Farr v. Eliason
 
 (1
 
 East
 
 92) and are subject 'to this observation, that none of them state the facts in such a way .as to show whether the security was an
 
 aecommodaiion
 
 bill or note, and intended originally to be' usuriousl-y discounted, or real paperusuriously discounted for the payee.
 
 Lawes
 
 v. Mazz
 
 aredo
 
 (2 E.
 
 C. L.
 
 438) is an exception : for in tliat, the plaintiff was a remote and
 
 Iona tide
 
 endorsee, and the , . ,. ,. ,. . . ,. , usury was committed m discounting ior an intermediate endorser. But that case is contradicted by
 
 Parr
 
 v. El
 
 i
 
 ason, in the King’s Bench. it is trde, this last case was also one of a remote,
 
 bona fide
 
 holder ; and
 
 Lord
 
 Eenyon, as he is made to express himself, relies much on that. But it seems topne, that gives up the question, For however honest the holder is, he must claim thro’ the usurious-endorsement’; and it is a rule m relation to contracts void by statute, that they must remain void to all intents and purposes. If the usurious endorsee could not recover against the maker, by reason of his title being void, he cannot transfer a power of recovery to another. Thfe right of the latter can obly be sustained upon .the ground, that the consideration upon which the holder -transferred his note, valid in the holder’s hands, is collateral to him, the maker ; altogether independent of his contract, and not affecting it, And this presses upon the court, the consideration of the futility of the rule,, contended for on the part of the defendants. For it is worth nothing, if it and the statute can be. evaded by an
 
 *34
 
 endorsement, for rabie to an innocent party. And again a gny. yie name, would set up tbe obligation . „ purged oí the usury.
 

 The case 0f
 
 Muffin
 
 v.
 
 Arm-
 
 ^ii^approved by Buíexk,-judg-e.
 

 This case is altogether different from that of
 
 Ruffin
 
 v. Armstrong (2
 
 Hawks
 
 411) which was a suit against the endorser, upon the usurious endorsement itself j and the court purposely avoided going out of that question, tkf the whole doctrine had been discussed at the bar.
 

 Without interfering therefore with the rights and lia-. bilities of the endorser and endorsee, as between themselves, it appears to us, that these defendants cannot allege this usury, in discharge of themselves. They are like persons who have, received money to thé use of another, on an illegal contract. They are not allowed to retain it, but must pay it to him for whose use. it was received.
 
 (Tenant
 
 v.
 
 Elliott
 
 1
 
 B.
 
 &
 
 P.
 
 3.
 
 Farmer
 
 v.
 
 Russell do.
 
 296.)
 

 Per Curiam. — Judgment reversed.