CHARLES H. RUSSELL, as Receiver, etc., Respondent, *v.* GEORGE
W. NELSON et al., Appellants.

The K. L. Ins. Co. loaned to N. $17,000, secured by mortgage upon certain
real estate. This mortgage the company foreclosed, bid in the prop-
erty for $7,000, and obtained a deficiency judgment for $11,160.65. Sub-
sequently said company entered into a contract with N. by which it agreed
to reconvey said real estate to him, to satisfy the deficiency judgment, and
to loan him $70,000 secured by mortgages on other property, out of which
was to be retained $20,000, the consideration for the conveyance and the
cancellation of the judgment. N. was to execute also a mortgage of $10,000
upon the real estate first mentioned. The mortgages and the deed were
executed in pursuance of the agreement, and $50,000 advanced to N. A
satisfaction-piece of the judgment was executed but left in the hands of
defendant J. Upon foreclosure of the $70,000 mortgages N. defended
on the ground of usury, and succeeded in his defense. The company
foreclosed the $10,000 mortgage, bid in the property and obtained another
deficiency judgment against N. In an action by the receiver of said com-
pany to restrain J. from delivering said satisfaction-piece to N., and for
its cancellation, — *Held,* that as the only consideration received for the
satisfaction of the judgment was the $70,000 mortgages, the decree ad-
judging them to be void revived the debt represented by the judgment;
that the right to maintain the action was not lost by the foreclosure of the
$10,000 mortgage, nor could the plaintiff be required, as a condition of
relief, to restore to N. the title acquired under such foreclosure.

(Argued March 18, 1885; decided May 5, 1885.)

APPEAL from judgment of the General Term of the Supreme
Court, in the first judicial department, entered upon an order
made March 7, 1884, which modified and affirmed as modfied
a judgment in favor of plaintiff entered upon the report of a
eferee.

This action was brought by plaintiff, as receiver of the Knick-
erbocker Life Insurance Company, to restrain defendant John-
son from delivering to defendant Nelson a satisfaction-piece,
executed by said company, of a judgment held by it against
said Nelson, and for a judgment directing the surrender to
plaintiff of said satisfaction-piece, to be canceled, and declar-
ing said judgment to be in full force and effect.

The Knickerbocker Life Insurance Company loaned to the

defendant Nelson, in the year 1871, $17,000, the payment of which was secured by a mortgage on a piece of property at Saugerties, in the county of Ulster, in this State. In 1873 the company foreclosed the mortgage and bought in the property for $7,000, and entered a judgment against Nelson for the deficiency, amounting to $11,160.65. In 1874 Nelson entered into an agreement to purchase a piece of property in the city of Brooklyn, consisting of seventy lots, and not having money to complete the purchase applied to the company for a loan to enable him to do so. At this time the company still owned the Saugerties property. The negotiations between Nelson and the company resulted in an agreement by which the latter was to convey to Nelson the property in Ulster county to satisfy the deficiency judgment, and to loan Nelson $70,000, for which sum he was to give bonds secured by mortgages on the property in Brooklyn ; he was also to give the company a mortgage upon the Ulster county property for $10,000.

Of the $70,000 loaned $20,000 was to be retained by the company as the consideration for the Ulster county property, and for the judgment. This arrangement was consummated on October 15, 1874. The satisfaction-piece of the deficiency judgment was left with the defendant Johnson, the attorney for the company, to be transmitted to Ulster county for record. The mortgages given by the defendant Nelson on the Brooklyn property, when they fell due, were foreclosed ; he set up the defense of usury, which was sustained, and the bonds and mortgages were adjudged to be usurious and void. The satisfaction-piece having been discovered by Mr. Johnson among his papers, he notified the company of this circumstance and was directed not to deliver it to Mr. Nelson. He thereupon requested the company to take steps to relieve him from the position in which he found himself placed by the discovery mentioned, whereupon this action was brought. Prior to the commencement of this suit, however, the company foreclosed the $10,000 mortgage upon the Saugerties property and obtained a decree for $11,030.62. The property was sold in June, 1876, under the decree, and bought in by the company for

$2,000. On the 30th of June a judgment of deficiency was entered for $9,699.40. On the 30th of July, 1877, the company sold and conveyed the property by deed to Mr. William B. Sheffield, for the consideration of $5,750.

The referee found that the Knickerbocker Life Insurance Company never received any payment on account of the first deficiency judgment, nor any consideration for the execution of the satisfaction-piece other than by the execution and delivery of the mortgages on the property in Brooklyn, and that all consideration for the satisfaction-piece had wholly failed, by force of the judgment in reference to those mortgages by which they were declared to be usurious and void; and as a conclusion of law, that the judgment to which the satisfaction-piece related had never been paid or discharged; that it was still valid, and that the plaintiff was entitled to have the satisfaction-piece delivered up.

*Nathaniel C. Moak* for appellants. Plaintiff having foreclosed the $10,000 mortgage, which was part of the consideration of the satisfaction, cannot maintain this action without first restoring to Nelson the title acquired under such foreclosure. (*Cobb* v. *Hatfield,* 46 N. Y. 533; *Moller* v. *Tuska,* 87 id. 166; *Baird* v. *Mayor, etc.,* 96 id. 567; *Voorhies* v. *Earl,* 2 Hill, 288; Comyn's Dig. Elect. C. 2; *Joslin* v. *Cowee,* 52 N. Y. 89; *Central Bk.* v. *Pindar,* 46 Barb. 467.) All the facts litigated, or which might have been litigated in the action of the *Knickerbocker Life Insurance Co.* v. *Nelson* are *res adjudicata.* (*Dunham* v. *Boomer,* 77 N. Y. 76; *Embury* v. *Conner,* 3 id. 511; *Cummins* v. *Bennett,* 46 id. 490; *Taska* v. *O'Brien,* 68 id. 446; *Jarvis* v. *Driggs,* 69 id. 143; *Jordan* v. *Van Epps,* 85 id. 436; *Ackley* v. *Westervelt,* 86 id. 448; *Yates* v. *Preston,* 41 id. 113; *Brown* v. *Mayor, etc.,* 66 id. 385.)

*James A. Dennison* for respondent. Full effect should be given to the statutes against usury, but nice distinctions should not be favored for the purpose of extending the penalties to cases not within the spirit of the act. (*Patterson* v. *Birdsall,*

64 N. Y. 298.)   Where the usurer is not seeking to enforce the usurious contract equity will not entertain a defense based upon usury, unless there is an offer to pay that portion of the claim which is not affected by that taint.   (*Williams* v. *Fitzhugh,* 37 N. Y. 444.)   The fact that this judgment entered into and formed part of a subsequent usurious agreement did not absolve the defendant from his antecedent obligations on that judgment, nor did it impair the rights of the plaintiff thereunder.   (*Farmers and Mechanics' Bank* v. *Joslyn,* 37 N. Y. 353, 355.)   When an usurious security is taken for a valid debt, the avoidance of the security because of usury revives the debt, and a recovery may be had on the original consideration.   (*Farmers and Mechanics' Bk.* v. *Joslyn,* 37 N. Y. 353.)   This is true even though the original security had been canceled and discharged.   (*Winstead Bk.* v. *Webb,* 39 N. Y. 325 ; *Genoiz* v. *Sitterly,* 56 id. 214; *Patterson* v. *Birdsall,* 64 id. 294 ; *Cook* v. *Barnes,* 36 id. 520 ; *Underhill* v *Crennan,* 25 Hun, 569.)

ANDREWS, J.   The purchase-price of the Saugerties property, the sale of which by the Knickerbocker Life Insurance Company to Nelson entered into the transaction of October 15, 1874, was fixed at $20,000, the approximate amount of the loan of $17,000, made by the company to Nelson upon the same property in 1871, with interest.   The company had foreclosed the mortgage given upon that loan, and bought in the property for $7,000, and had a deficiency judgment against Nelson for $11,160.65.   The original loan was represented in the company's assets by the Saugerties property and the deficiency judgment.   The company conveyed the Saugerties property to Nelson October 15, 1874, according to its agreement.   But no part of the purchase-price was paid by Nelson. It was secured by an equivalent amount included in the Brooklyn mortgages.   The handing back by Nelson to the company of $20,000 out of the $70,000, nominally advanced on the Brooklyn mortgages, was a .mere cover.   The real transaction was a retention by the company out of the mortgages, of the

agreed price of the Saugerties property, and an actual advance of only $50,000. The agreement of the company to satisfy the deficiency judgment was a necessary incident of the arrangement, by which it was to take a substituted security for its debt against Nelson and reinstate him in the ownership of the Saugerties land, free from incumbrances. In substance, the company was to be reimbursed through the Brooklyn mortgages for the loan of 1871, and the giving of those mortgages was the only consideration it received for its agreement to satisfy the deficiency judgment. This security was effectually destroyed by the judgment obtained by Nelson, declaring the mortgages void for usury.

If there was nothing more in the case, there could be no question that this judgment operated to revive the debt represented by the deficiency judgment, or if that judgment had been actually satisfied, there can be no doubt that the court would set aside the satisfaction upon the application of the company. (*Gerwig* v. *Sitterly*, 56 N. Y. 214; *Patterson* v. *Birdsall*, 64 id. 294.) It is insisted, however, that as the company has enforced by foreclosure the mortgage for $10,000, given in the same transaction to secure the usury agreed to be paid by Nelson, and has re-acquired under the foreclosure, the title to the Saugerties land, and also obtained a judgment for deficiency against Nelson in that proceeding, this action, brought to prevent the delivery of the satisfaction of the first deficiency judgment for $11,160.65, cannot be maintained. The company, it is insisted, was bound at least to restore to Nelson the title acquired under the foreclosure of the $10,000 mortgage, as a condition of relief, and cannot hold any of the fruits of the usurious transaction, and at the same time be relieved from the obligation to perform its agreement to satisfy the deficiency judgment. This objection comes with very ill grace, from a party who has obtained $50,000 of the funds of the company, and has successfully defeated the security given for it, and makes on his part no offer of restitution. The answer to the claim is that Nelson was the actor in repudiating the transaction of October 15, 1874, for usury. He has succeeded in setting aside the Brooklyn mortgages, and

in so doing, has deprived the company of the only consideration for its agreement to satisfy the deficiency judgment. Its enforcement of the $10,000 mortgage was in affirmance, and not in disaffirmance of the usurious transaction, and any advantage the company has derived from the restoration of its original title to the Saugerties property, and the judgment over against Nelson, is only a partial indemnity for its loss, arising from the judgment setting aside the Brooklyn mortgages. The company will still be a large loser if it is allowed to retain the deficiency judgment, and the equity of the company to retain it should prevail.

The satisfaction-piece, though executed, has never been delivered, and the judgment requiring the custodian who holds the paper to deliver it to the plaintiff, and declaring that the judgment is a valid lien upon Nelson's property, should be affirmed.

All concur.

Judgment affirmed.