GEORGE ROUNTREE v. W. G. BRINSON.

*Pleading— Usury— Contract—Assignment.*

1. The facts relied upon as a defence to an action should be set out in the answer with the same precision as that required in a complaint.

2. If usury is pleaded, the facts which it is alleged constitute it, must be specifically set forth so that the Court may see that, if true, the transaction is illegal.

3. If a security, founded upon an antecedent lawful consideration, becomes void, or tainted by an usurious element, the original demand will be revived and may be enforced.

4. The assignment of such an infected security to a purchaser, carries with it the debt it represents, and the assignee will be entitled to it if necessary.

(*Brye* v. *Cooper*, 2 Murph., 282; *Moore* v. *Hobbs*, 79 N. C., 535; *Boyden* v. *Achenback*, 79 N. C., 539; cited and approved).

CIVIL ACTION, tried before *Philips, Judge,* at August Term, 1887, of LENOIR Superior Court.

The action, commenced on December 15th, 1885, by the plaintiff, assignee of Robert H. Rountree, is to recover the amount due on the single bond of the defendant, as set out in the original complaint, and which became due on December 22d, 1875, subject to certain specified credits. The defendant answered, admitting the making of the bond, the partial payment mentioned, adding others, to which he claims to be entitled as set-offs, denying the alleged transfor to the plaintiffs, and setting up as a defence to the action, an averment in general terms that the " bond was executed by this defendant to the said R. H. Rountree for an illegal and usurious consideration." Thereupon the complaint was amended, and as drawn, sets out the original consideration as a balance due on a running account between the defendant and R. H. Rountree and Lewis Webb, bankers and commission merchants, doing business in the partnership

name of Rountree & Webb, at Newbern, in this State; the giving two promissory notes therefor, and the renewal of them; the dissolution of the firm, and the giving separate notes or bonds to each retiring partner for one moiety of what was due, the total being $871.11, and the renewal of the note given to the said Rountree—less certain credits— in the execution of the bond described in the first complaint, which was assigned to the plaintiff.

Judgment was demanded for the sums due on the several causes of action mentioned, with costs accruing thereon.

The answer to the amended complaint, and the first seven articles thereof, reiterates and adopts the allegations contained in the first answer, and further alleges as a defence " that it appears from the original and amended complaint in the action, that the plaintiff, at the commencement of the action, was the assignee of no legal or equitable claim against the defendant, except the note referred to in the original complaint." To this answer the plaintiff demurs, and assigns as ground thereof that:

(1.) It fails to state what the illegal and usurious consideration and agreement were, its terms, and the nature of usury, &c.

(2.) It does not state the facts from which the Court can see and decide whether there was any illegal or usurious consideration, nor is there any statement of facts, but merely conclusions of law.

(3.) For the insufficiency in not stating facts sufficient to constitute a defence.

Upon the issue thus joined between the parties, the Court proceeded to consider the same, and entered up the following judgment:

" This cause coming on to be heard, and being heard upon the demurrer of the plaintiff to the answer of the defendant, it is ordered and adjudged by the Court, that in the present state of the pleadings, the defendant relying upon his an-

swer, which does not set out the facts and particulars showing usurious transactions and agreements which entitle him to relief, the demurrer to the answer is sustained.

"It further appearing to the Court, that the defendant admits the ownership of the note by the plaintiff, and its execution and delivery by the defendant, and the plaintiff admitting the payments on the note as alleged in the answer of the defendant—

"It is further ordered by the Court, that upon the admissions of the parties in open Court, and the pleadings in the cause, that the plaintiff, George Rountree, recover of the defendant, W. G. Brinson, the sum of $462.35, with interest thereon from December 21st, 1875, at 8 per cent. till paid, subject to a credit of twenty-five dollars November 15th, 1885, another credit $25, another credit $25, and another credit for $15, and for the costs of this action."

From which the defendant appealed.


*Mr. Geo. Rountree,* (*Mr. A. J. Loftin* was on the brief with him) for the plaintiff.

No counsel, for the defendant.


SMITH, C. J., (after stating the case.)   1. The defence to an action upon a contract based upon a usurious consideration, must be made by setting out the facts, showing its infectious presence so that it may be seen by the Court.   *Brye* v. *Cooper,* 2 Murph., 286.

If not so before, this is plainly required under *The Code,* which declares that the answer must contain "a statement of any new matter constituting a defence or counter claim." § 243, par. 2.

There is no reason why the facts should not be stated with the same particularity in matters of defence as in stating the facts in the complaint out of which grows the cause of action, and the rule is explicitly laid down in *Moore* v. *Hobbs,*

'79 N. C., 535, and recognized in *Boyden* v. *Achenback,* 79 N. C., 539.

The demurrer was properly sustained as to this attempted defence of usury.

In the amended complaint, the plaintiff sets out the original dealing by which the defendant became indebted, in which it is not alleged any usury is found, and traces the debt, transmitted in successive securities, until it assumes the form in which it appears in the first complaint, and he insists upon his right to recover the antecedent indebtedness, if usury did enter into the bond sued on. The point is well taken, and we can see no reason, because the bond as such is void, why the true and uninfected debt may not be recovered, and so are the authorities.

In *Burnhesel* v. *Firman,* 22 Wall., 170, Mr. Justice Swayne, near the close of the opinion, says: "It is well settled that if a security founded upon a prior one, be fatally tainted with that vice (usury), and the prior one was free from it, but given up and cancelled, and the latter one be thereafter adjudged void, the prior one will be revived, and may be enforced, as if the latter one had not been given. The cases to this effect are very numerous," and reference is made to many at the first of page 173.

So, Comstock, C. J., delivering the opinion of the Court, uses this language: "A note or a bond may be void for usury, but being founded on some antecedent claim or contract free from that defect, there may be a just and legal right to recover the original consideration. The note or bond may be sold, and it will be void even in the hands of an innocent purchaser. But will it be pretended that the purchaser gets absolutely nothing? *It is impossible to doubt that he will stand in the shoes of his vendor.*" *Oneida Bank* v. *Ontario Bank,* 21 N. Y., 495.

To the same purport are other cases cited in the elaborate and carefully prepared brief of plaintiff's counsel. *Gerring*

v. *Sitterly*, 56 N. Y., 214; *Patterson* v. *Beardsall*, 64 N. Y., 294; *Russell* v. *Nelson*, 99 N. Y., 119.

The assignment carried with the bond the debt it represented, and which retained its force as an obligation through all the changes in form it has subsequently undergone, and the plaintiff's title to whatever sum was reasonable, seems not to have been in controversy, as appears from recitals in the final judgment.

It must be declared there is no error in rendering judgment for the plaintiff for the sum demanded, and interest from the 22d day of December, 1875, less the credits specified therein.　Judgment affirmed.

No error.　　　　　　　　　　　　　　　　　　Affirmed.