LEWIS WEBB v. GEORGE BISHOP and JOHN HUTCHISON.

*Contract—Mistake—Usury—Interest.*

Where a bond executed for the repayment of borrowed money in February, 1875, was infected with an usurious element, and in December following another bond was executed and substituted therefor, with a further usurious consideration. Held :

1. That under the statute in force at the time of the execution of the first bond the interest accruing thereon was forfeited, though if any part thereof had been paid, the obligor could not recover it back.

2. That under the statute in force at the time the second bond was executed it was void ; but the obligee might fall back upon the first bond and recover the amount of the principal thereon, reduced by any credits to which it was entitled.

3. The contract is not affected by an usurious element if it is incorporated by mistake ; it is the intent to take more than the law permits which vitiates it.

This is a CIVIL ACTION, tried before *Graves, J.,* at May Term, 1888, of CRAVEN Superior Court.

The action is upon a note under seal executed by the defendants to the plaintiff on December 21, 1875, wherein they covenant to pay him twelve hundred and nineteen dollars and $\frac{91}{100}$ with interest at the rate of 8 per cent per annum, and the complaint alleges to be due thereon, on the 30th day of January, 1883, the sum of five hundred and twenty dollars and $\frac{68}{100}$ and interest from that date for which judgment is demanded.

The defendants admitting these general allegations, set up in their answer the defence of usury, alleging that a large sum of unlawful interest enters into the bond, purged of which they aver their readiness to pay any balance that may be found to be lawfully due on the obligation.

The parties, waiving a trial by jury, consented that the Judge might upon the evidence ascertain and determine the facts, and he finds as follows:

On June 24, 1870, the defendants borrowed from the partnership firm of Rountree & Webb (the last named being the plaintiff) and as *principals* gave their note for the sum of fifteen hundred dollars. On February 18, 1875, the note was taken up and two others substituted in its place, each in the sum of $1,181.70, one of which was drawn payable to Thomas J. Latham, Cashier, at thirty days. Endorsements subsequently made on it show four several payments of interest, the last being up to December 1, 1875.

This note assigned to him, as the plaintiff's separate share of the joint fund, was replaced by the bond sued on and described in the complaint, and is in this form:

$1,219.91. For value received we, George Bishop and John Hutchison, both principals, promise to pay to Lewis Webb or order, the sum of twelve hundred and nineteen $\frac{91}{100}$ dollars with eight per cent. interest from date. Witness our hands and seals December 21, 1875.

GEORGE BISHOP, [Seal.]

JOHN HUTCHISON, [Seal.]

Upon this bond several credits are endorsed by the plaintiff, all of them as partial payments, or in general terms as receipts, to-wit:

On October 22, 1877, $200; on November 6, 1877, $10; on August 4, 1879, $694; on August 4, (same date), $119.96; on October 25, 1880, $100; and on June 30, 1883, $81.67, which is the last payment.

Upon these facts his Honor gave judgment for the plaintiff, from which the defendants appealed.

*Mr. H. R. Bryan* filed a brief for the plaintiff.
*Mr. M. D. W. Stevenson* for the defendants.

SMITH, C. J., (after stating the case.)   It will be seen by a computation that in the division of the first note principal and interest at six per cent. accrued up to the giving the note of February 18, 1875, the latter is in excess of the sum due by some $226, or thereabouts, and in the absence of evidence of any other consideration must be deemed an additional consideration for the further indulgence of the debt.

This excess constitutes the alleged usury in the execution of the second note, and constitutes an element with interest affecting the bond in suit.

In making computation of the amount due on the second note, the interest on which was paid up to December 1, 1875, it would appear that the last instrument, the bond, was given for a sum in excess of what was due at the date of its execution by about $25.

The statute in force when the first two notes were given provides that " if any person shall agree to pay a greater rate of interest than six per cent. per annum when no rate is named in the obligation or a greater rate than eight per cent. when the rate is named, the interest shall not be recoverable at law."   Bat. Rev. Ch. 114.

When the bond in suit was executed the law had undergone a change and it was declared that " all bonds, contacts and assurances whatsoever for the payment of any principal or money to be lent or covenanted to be performed upon or for any usury whereupon or whereby there shall be reserved or taken above the rate of six dollars or eight dollars on the hundred as aforesaid shall be void," &c. Acts 1874–'75, ch. 84.

This statute which went into effect on March 24, 1875, declares in express terms (unnecessarily, perhaps, but to avoid misinterpretation) that it shall not "apply to any existing contract," but it is applicable to the last security taken in December of that year.

In our opinion, the sum entering into the note of February 18, 1875, above the principal and legal interest then due on the former note is usurious, and under the law was not recoverable, and so much of that sum, as being unpaid, enters into the bond in suit is not recoverable, the interest, however, paid on the second note must, so far as it partakes of the usurious sum be eliminated and not be counted in the reduction, because, though not recoverable, it has *been paid*. *Bank* v. *Lutterloh*, 81 N. C., 142.

That the second note is usurious to the extent specified by the incorporating into it a sum exceeding what was due on that of which it is a renewal, is sustained by both reason and authority. There is no essential difference in taking the usury by discounting and inserting in it a larger sum than is legally due. In either case the contract has the taint. *Ehringhaus* v. *Ford*, 3 Ired., 522; *Dawson* v. *Taylor*, 6 Ired., 225; *Commissioners* v. *Railroad*, 77 N. C., 289.

This result of course, pre-supposes an intent to take more than the law allows, for forbearance in making a loan and not to the case of a mistake made in calculating the sum due, when no such intent exists.

But the last instrument is rendered void by the statute compelling the creditor to fall back on the preceding note, ignoring the existence of the other, except as showing payment upon the indebtedness.

The plaintiff may recover on this, upon the authority of *Rountree* v. *Brinson*, 98 N. C., 107, to which the pleadings may, by amendment, be made to conform in the Court below.

There is, therefore, error, in the ruling, and the judgment must be set aside in order that upon the basis of this opinion the legal sum recoverable, if any, may be ascertained and judgment given accordingly.

Error.