TED TILLMAN v. ERNEST W. TALBERT AND MARION T. TALBERT.

(Filed 6 June, 1956.)

**1. Architects § 2—**

A person not a licensed architect may make a valid and enforceable contract to provide plans and specifications for a residence not to exceed the value of $20,000.   G.S. 83-12.

**2. Architects § 3: Contracts § 7: Quasi-Contracts § 1—**

Where a person who is not a licensed architect contracts to furnish plans and specifications for a residence costing less than $20,000, and, after he had made preliminary studies, defendant owners direct changes resulting in the designing of a residence of a value exceeding $20,000, *held*, the person so drawing the plans is entitled to recover on a *quantum meruit* for the work performed up to the time that the changes increased the value of the house above $20,000, the subsequent illegal agreement being regarded as a nullity not affecting the previous lawful contract.

**3. Appeal and Error § 24—**

An assignment of error to the failure of the court in its charge to comply with G.S. 1-180 is broadside and need not be considered.

**4. Contracts § 25e: Architects § 3—Evidence held insufficient to show loss to defendants from inability to construct houses simultaneously.**

Plaintiff sought to recover on an agreement to furnish plans and specifications for a residence to cost less than $20,000. It appeared that defendants directed changes in the plans so that the cost of the residence exceeded $20,000. *Held:* In plaintiff's action to recover upon *quantum meruit* upon the original valid agreement, nonsuit on defendants' counterclaim for damages on the ground that they had contemplated building two houses on adjacent lots at the same time but that due to increase in cost they were forced to finish one house and then to start construction on the other, resulting in loss from inability to build both houses at the same time, is properly sustained when defendants offer no evidence that the second house was to have been built along the same lines and of the same kind of materials so as to effect a savings from simultaneous construction.

**5. Quasi-Contracts § 2—**

In an action to recover on a special contract and also upon a *quantum meruit*, plaintiff can abandon the special contract and recover on *quantum meruit* for the reasonable value of his services.

APPEAL by defendants from *Carr, J.,* September-October Term 1955 of ORANGE.

Civil action to recover the balance due on an express contract for furnishing plans for the construction of a residence.

Plaintiff is a builder-designer, and not a licensed architect. The defendants contracted with the plaintiff to furnish them plans for the construction of a residence to cost approximately $18,000.00, and agreed

to pay him for his services 4% of the actual cost of the construction of the residence. Plaintiff worked on the plans for the construction of a residence to cost about $18,000.00, but the plans for an $18,000.00 residence were never completed, because the plans were modified and changed several times to comply with the wishes and requests of the defendants. Finally the plans were satisfactory to the defendants, and delivered to them, but the cost of constructing a residence according to the final plans would exceed $20,000.00. While plaintiff was working on the plans, defendants paid him $144.00 as an advance payment.

The defendants alleged in their answer that plaintiff is not a licensed architect, and that in furnishing plans for the construction of a residence to cost over $20,000.00 plaintiff violated Ch. 83 of the General Statutes, that his contract is illegal, and he can recover nothing.

By permission of the court plaintiff was allowed to file an amended reply to defendants' answer in which he alleged that, if he cannot recover upon his contract as modified and changed at the requests of the defendants, because the final plans called for the construction of a residence to cost over $20,000.00, then he is entitled to recover from the defendants upon *quantum meruit* for work done upon the plans for the construction of a residence to cost about $18,000.00 up to the time that the changes in the plans, made at the requests of the defendants, resulted in plans for the construction of a residence to cost more than $20,000.00.

There was no objection to the issues submitted to the jury. The jury found by its verdict that the plaintiff was entitled to recover from the defendants on *quantum meruit* for work done under a contract between the parties upon the plans for the construction of a residence to cost approximately $18,000.00 up to the time that the changes in the plans, made at the requests of the defendants, resulted in plans for the construction of a residence to cost more than $20,000.00 the sum of $480.00 less $144.00, already paid, which leaves $336.00, with interest.

From a judgment for plaintiff for $336.00, with interest, defendants appeal, assigning error.

*James R. Farlow for Plaintiff, Appellee.*
*William S. Stewart for Defendants, Appellants.*

PARKER, J. The defendants assign as error the denial by the court of their motion for judgment of nonsuit. The defendants contend that the plaintiff, who is not a licensed architect, in furnishing plans for the construction of a house for defendant, was acting as an architect, and that he cannot recover on a *quantum meruit*, because the work he did was under a contract illegal because it violated Ch. 83 of the General

Statutes, and that this is true whether the building was to cost less than $20,000.00 or more.

G.S. 83-12 reads in part: "In order to safeguard life, health and property, it shall be unlawful for any person to practice architecture in this State as defined in this chapter, except as hereinafter set forth, . . ." Further on G.S. 83-12 reads in part: "Nothing in this chapter shall prevent any person from selling or furnishing plans for the construction of residence or farm or commercial buildings of a value not exceeding twenty thousand dollars ($20,000.00); provided that such persons preparing plans and specifications for buildings of any kind shall identify such plans and specifications by placing thereon the name and address of the author." The fact that plaintiff made preliminary studies, consulted with the defendants and made changes on the plans at their request for the construction of a house to cost about $18,000.00 would not prevent him from coming within the exception to the statute quoted above: these things would seem to be an essential part of furnishing plans.

Plaintiff could make an enforceable contract, pursuant to G.S. 83-12, to furnish plans for the construction of a residence of a value not exceeding $20,000.00. His recovery on a *quantum meruit* was for the work he did on this enforceable contract up to the time that changes in the plans, made at the repeated requests of the defendants, resulted in the designing of a residence of a value exceeding $20,000.00, and not for any work he did at the requests of defendants on plans for the construction of a building of a value of more than $20,000.00.

A subsequent illegal agreement by the parties cannot affect a previous fair and lawful contract between them in relation to the same subject. The change is regarded as a mere nullity, and as such cannot scathe the original contract. *Wilcoxon v. Logan*, 91 N.C. 449; *Britt v. Aylett*, 11 Ark. 475, 52 Am. Dec. 282; *McCurdy v. Dillon*, 135 Mich. 678, 98 N.W. 746; *Cain v. Bonner, et al.*, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874; 15 A. & E. Ency. Law 932; *Tearney v. Marmiom*, 103 W. Va. 394, 137 S.E. 543; 17 C.J.S., Contracts, sec. 287; Page on Contracts, sec. 2469. See also: *In re Port Publishing Co.*, 231 N.C. 395, 57 S.E. 2d 366.

In *Collier v. Nevill*, 14 N.C. 30, this Court held that if a security is valid in its inception, a subsequent usurious transaction does not avoid it. To the same effect see: *Bost v. Smith*, 26 N.C. 68; *Cobb v. Morgan*, 83 N.C. 211; *Wharton v. Eborn*, 88 N.C. 344; *Rountree v. Brinson*, 98 N.C. 107, 3 S.E. 747; *Webb v. Bishop*, 101 N.C. 99, 7 S.E. 698.

In *Cain v. Bonner, supra*, the Texas Supreme Court said: "A contract originally valid, is not rendered invalid by a subsequent agreement."

The plaintiff made out his case for a recovery on *quantum meruit* without reliance on any work done by him on plans for the construction

of a building of the value of more than $20,000.00, which subsequent work will not bar his recovery on a *quantum meruit* for work done under the original valid contract. 17 C.J.S., Contracts, sec. 276.

The plaintiff rendered services to the defendants under a valid contract, and he may recover the value of his services on a *quantum meruit* as a benefit to the defendants receiving them. The court properly overruled the motion for judgment of nonsuit.

The assignments of error as to parts of the charge as given are overruled, for the reason that prejudicial error is not shown. Further, the assignments of error as to the failure of the court in its charge to comply with G.S. 1-180 are broadside.

The defendants alleged as a counter-claim that they told plaintiff in March 1953 that they proposed to purchase another lot close to the lot they owned on which they proposed to erect at the same time another house, and that by reason of plaintiff's failure to prepare plans for a residence for them to cost about $18,000.00 the defendants were unable to proceed with the erection of the two buildings at the same time, instead they built the residence in which they now live, and that now they are about to begin the erection of a second house, but the cost of erecting houses at different times is greater than the cost of erecting them at the same time would have been, and the defendants have been damaged in the amount of $1,800.00. The defendants offered evidence to the effect that when you construct two houses at the same time a savings can be effected, if the houses are in close proximity and are built along the same lines and of the same kind of material; and that they purchased a second lot in May 1953. The defendants offered no evidence as to the kind of second house they intended to build. At the close of defendants' case, the court granted the motion of plaintiff to nonsuit the defendants' counter-claim for damages in the amount of $1,800.00. The ruling was correct, even if the allegations of the counter-claim are sufficient, which we do not concede.

The other assignments of error are formal and are overruled.

In an action to recover on a special contract and also upon a *quantum meruit*, plaintiff, under our practice, can abandon his special contract, and recover on *quantum meruit* for the reasonable value of his services. *Lindsey v. Speight*, 224 N.C. 453, 31 S.E. 2d 371. In *Grantham v. Grantham*, 205 N.C. 363, 171 S.E. 331, the plaintiff declared on a special contract, void under the Statute of Frauds, and was allowed to recover in *assumpsit* on *quantum meruit*.

In the trial below we find

No error.