Ruffin, Chief Justice.
 

 — The action cannot be supported upon any idea, but the one, that the plaintiff, as surety, has the right, as against his principal, to call upon the latter to pay the debt in the first instance; and that the sheriff is bound to respect that right, by levying the debt from the principal, if it can be done, or, at least, can be conveniently done. The Court cannot sanction the latter part of the proposition, but deems it altogether untenable. We think it settled law, that all defendants, when once fixed by judgment, are equally the debtors, and together make but one debtor. No difference in the order of their liability is recognized at law, in respect to any proceedings upon process on the judgment.
 
 (Ex parte King
 
 and
 
 Morrison,
 
 2 Dev. 343.
 
 Benford
 
 v.
 
 Alston,
 
 4 ib. 351.) The relation between principal and surety creates rights and duties among the defendants, as between themselves; but it does not affect third persons. The sheriff may levy the debt from either defendant, or in such proportions as he chooses.
 
 Harrington
 
 v.
 
 Wood,
 
 9 Mass. Rep. 251.
 
 Hill
 
 and
 
 Nalle
 
 v.
 
 Child,
 
 3 Dev. 265. This rule is sustained by legislative authority in the recent act, which makes it the duty of the sheriff not to distrain the estate of the surety, if he can find that of the principal, provided the record and process show those parties to stand in that relation. It cannot therefore, in legal contemplation, be an injury to the present plaintiff to have made him pay a debt in the
 
 *47
 
 first instance, which he was under a direct and primary legal liability thus to pay.
 

 The seizure of Brownrigg’s estate, did not oblige the sheriff to the plaintiff, in this suit to proceed on that seizure. It did so oblige him, as between him and the creditor, in that execution ; indeed he was equally bound to the creditor, whether he had levied or not, provided either defendant had sufficient property. But neither defendant was discharged by the seizure, since the property was restored, or otherwise appropriated to the use of the owner, and the present plaintiff cannot complain of the acts of the sheriff, since they are all within the mandates of the writ, and justified by it, without reference to his motives. The opinion in the Superior Court, seems to assume these positions as correct, and is founded upon a supposed fraudulent combination between the defendant and another. It does not appear to us that the alleged combination can make a difference. It may be admitted that it was an unlawful conspiracy, for which the parties might be indicted. It is frequently criminal for many to combine to effect even a lawful end. It is doing a lawful thing by unlawful means. But that offence is to the public. A private person cannot complain of the conspiracy as such; but only when it operates to his injury, that is to say, when as to him the object of the conspiracy is unlawful. There must, in the terms used in the Superior Court, be “ a fraudulent combination.” Here, none such could exist; because the purpose alleged and complained of, by the plaintiff, was only to make him pay the debt, instead of his principal, and that was not an unlawful, but a lawful intent or act, and therefore not a fraudulent one.
 

 Per Curiam. Judgment reversed.