DAVID JONES v. NARCISSA McKINNON, Admx.

*Judgment, assignment of— Guardian—Surety—Trust and Trustees.*

1. The effect of an assignment of a judgment upon a guardian bond to a stranger, who has paid the amount with the money of one surety, is to keep the judgment alive as to the principal, but not as to the administrator of a co-surety, against whose estate there is only a right of contribution.

2. The guardian alone, and not such stranger, is the trustee of an express trust, who is allowed under section 57 of the Code to sue as relator upon such guardian bond.

CIVIL ACTION tried upon complaint and demurrer, at Fall Term, 1882, of CUMBERLAND Superior Court, before *Gilmer, J.*

A creditor's suit being prosecuted in the probate court against the defendant, as administratrix of Murdock McKinnon, the present plaintiff presented his claim, and, it being disputed, filed a complaint to which an answer was put in, and the issues of law and fact, with the record out of which they arise, were transferred for trial before the judge in the superior court, pursuant to the act of 1871–'72, ch. 213, §§ 10, 11.

At fall term, 1882, the plaintiff had leave to file an amended complaint, (on payment of all costs,) in which the state is made a party, and the plaintiff, relator, in a substituted action upon a guardian bond executed by defendant's intestate and one H. H. Tomlinson, as sureties to Robert Wooten, the guardian.

In the substituted complaint, the plaintiff alleges in substance that in 1860 the guardianship of six infant children, whose names are set out, was committed by the county court to said Wooten who thereupon executed a bond in the penal sum of $4,000 with the intestate, Murdock McKinnon, the said Tomlinson and one John T. Wright (who has since died insolvent and there has been no administration on his estate) as co-sureties, with condition for the safe-keeping and proper management of the estate of said wards, as required by law; and thereupon the said Wooten received into his possession a large sum of money belonging to the infants, which he has misapplied and squandered.

That several successive bonds in renewal were executed by Wooten with the same sureties, except that the said Wright did not execute those given in 1864 and 1866.

That in November, 1867, Wooten was removed from office, and the guardianship committed to one John W. Pearce, who brought an action against the former guardian, and at February term, 1870, recovered in the superior court the sum of $1750 with costs, and the judgment has been docketed in Cumberland and Lincoln counties, in the latter of which counties the said Wooten resides; and that executions issued against him have been returned unsatisfied, though some partial payments (dates and amounts recited in complaint) have been made in reduction of the debt, and Wooten is insolvent.

That the full amount due on the judgment and costs has been paid to the guardian, Pearce, by the plaintiff relator out of moneys furnished by the co-surety, Tomlinson, and

the same has been assigned to the plaintiff in trust for Tomlinson to prevent an extinguishment of the judgment and to preserve the same in force for him.

That the defendant's intestate, who died in 1878, recognized his liability, by reason of his suretyship, for his share of the damages arising out of the official delinquency of the former guardian, and, with his associate surety, Tomlinson, resisted the action of the last guardian, employing counsel in the defence, and finally compromised the demand by assenting to a judgment for the sum stated, a large reduction of the amount due, $2,587.90, as reported by a referee.

The proceeding in which the present action originates was commenced against one W. H. McKinnon, first appointed administrator, on whose removal the present defendant was appointed in his stead.

The defendant demurs to the amended complaint assigning as causes therefor :

1. The relator is a stranger to the bond sued on, and cannot maintain the action.

2. The complaint shows that the bond has been satisfied.

3. The relator is a trustee for one surety, suing for his benefit, and cannot recover on a bond executed by himself, against his co-surety.

The court sustained the demurrer and rendered judgment dismissing the action with costs, and the plaintiff appealed.

*Messrs. Hinsdale & Devereux,* for plaintiff.
*Messrs. T. H. Sutton* and *R. S. Huske,* for defendant.

SMITH, C. J., after stating the above. The argument for the appellant proceeds upon the idea, that the assignment of the judgment recovered by the guardian, Pearce, for and in behalf of his wards, to preserve its vitality as a subsisting security, operated in equity as a transfer also of his interest in, and right of action on the bond, and hence the lat-

ter may sue in his own name as trustee of an express trust, under section 51 of the Code.

The assignment of the judgment only is averred in the complaint to have been to avoid the consequences at law of a direct payment which would have been an extinguishment, not only of the judgment, but of the cause of action contained in the bond, because it would have been a satisfaction of the damages sustained by its breach. The equity vesting in the surety, whose money has been paid in securing the transfer, is to convert the guardian into a trustee, whose name may be used in collecting the judgment as well as in enforcing by action the obligation contained in the guardian bond, both of which would have been defeated by a payment without such assignment. The party therefore who recovered the judgment, can also as relator sue on the bond; and he, if any one, is the trustee of an express trust, as the surety, Tomlinson, is the *cestui que trust*, entitled to the damages recovered within the meaning of the Code.

But it is obvious he is the real party in interest, and in any action could recover a moiety only, of the sum due from the principal, of his co-surety the intestate.

If he could recover the whole damages, it would in effect be a recovery as to the other half against himself; and thus we should have the anomalous result of a recovery by the real party in interest, and who is alone recognized as entitled to what is recovered, against himself.

The difficulty would not be obviated by suing the intestate alone, since the liability of both arises upon one and the same instrument.

We think the legal effect of the assignment is *to preserve the security of the judgment against the principal debtor*, for the reimbursement of what has been paid by Tomlinson, and of both sureties when the intestate's estate has made good the portion of the common indebtedness resting upon it.

In our present method of procedure, Tomlinson must be

deemed to have paid the amount of the judgment, and to have by reason thereof a claim upon the intestate's estate for contribution; and the assignment only serves to keep alive the judgment rendered against Wooten.

It follows, therefore, if the action can be prosecuted upon the bond, it must be in the name of the party who alone could before maintain it, and for the benefit of Tomlinson, but not in the name of the present relator; and so can the paying surety compel the estate of his co-surety to repay one-half of the sum paid by himself.

We therefore concur with His Honor in sustaining the demurrer and dismissing the action—the case not coming within the purview of section 131 of the Code, which applies to a demurrer for the misjoinder of several causes of action alone. The judgment must be affirmed.

No error.                                        Affirmed.