HOSKINS, APPELLANT, v. McGIRL ET AL., RESPONDENTS.

[Submitted June 23, 1892. Decided November 28, 1892.]

PRACTICE—*Parties defendant.*—In an action upon a promissory note, made between former partners, providing that it is to be subject to all defenses which the maker may have against the payee on account of any debts of the firm which the maker may be compelled, or become liable to pay, where the complaint alleges that the maker resists payment on the ground of an outstanding liability of the firm, but that no such liability exists, the parties to whom the maker claims liability are proper parties defendant under section 16 of the Code of Civil Procedure.

*Appeal from Seventh Judicial District, Yellowstone County.*

Action upon a promissory note and for an accounting. Defendant's demurrer to the complaint was sustained by MILBURN, J. Reversed.

Statement of the facts, prepared by the judge delivering the opinion.

The complaint sets forth the following instrument in writing:—

"$15,000.      BILLINGS, MONT., December 18, 1889.

"Three years after date, for value received, I promise to pay Omar Hoskins fifteen thousand dollars, with interest at the rate of ten (10) per cent per annum from date. This note is subject to all counter-claims, set-offs, and defenses which the maker may have against the said Omar Hoskins on account of any debts of the firm of Hoskins and McGirl, or of the firm of Hoskins and Company, which the maker hereof may be compelled to pay, or for which he may now be, or hereafter become, liable to pay.      THOMAS McGIRL."

Upon this instrument there are indorsements of the payments of $8,073.15 and $6,316.85.

The complaint further pleads that a mortgage was given by defendants to secure the faithful performance of said obligation. The eighth paragraph of the complaint is as follows: "Plaintiff further states that the defendant, Thomas McGirl, claims and refuses to pay said balance so alleged to be due on said obligation on the ground and reason that a certain debt contracted by said defendant and plaintiff herein, while doing business as Hoskins and McGirl, to the defendants, H. H. Mund and Ben E. Snipes, on or about the ———— day of July, 1886, of about the sum of $1,100, has not been paid, and that it is now a subsisting debt, and a claim which he may become liable to pay. Plaintiff avers and alleges the fact to be that said debt had been fully and completely paid, and that it is in no wise a debt or obligation which the defendant, Thomas McGirl, can in any wise be liable to pay, or that he can be compelled to pay."

The action is for a money judgment for the balance claimed to be due on the instrument, and for a foreclosure of the mortgage, and for an accounting. To this complaint a demurrer was filed by McGirl and Mund, and sustained by the court. The plaintiff appeals, and upon the appeal only one of the grounds of the demurrer is presented for our consideration. That ground is found in the demurrer, in the following language: "That there is a misjoinder of parties defendant in this action, as the complaint shows, upon the face thereof, that the defendants, Ben E. Snipes, H. H. Mund, and Matthew H. Murphy, are improperly joined with the defendant McGirl, for the reason that the complaint does not show that either of said defendants are necessary parties to the complete determination or settlement of the questions involved in said action, and upon its face the complaint shows that said defendants are in no way interested in the controversy adverse to the plaintiff, or otherwise."

*E. P. Cadwell,* for Appellant.

*O. F. Goddard,* for Respondents.

DE WITT, J.—Was Mund a proper party defendant? Section 16 of the Code of Civil Procedure provides: "Any person

may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." Had Mund an interest in the controversy adverse to the plaintiff, or was he a necessary party to the complete determination of the matter? The controversy, according to the complaint, was whether defendant had paid a balance on the instrument pleaded. Whether defendant owes plaintiff depends upon whether the debt of Hoskins and McGirl, plaintiff and defendant, to Mund and Snipes, has been paid. Plaintiff says it has; defendant says it has not, that is, so the complaint alleges. Therefore the complaint pleads that there is a controversy between plaintiff and defendant as to whether Mund had been paid the debt described.

The plaintiff asks that the mortgage described be foreclosed, and the property sold, and that an accounting be had between plaintiff and the defendants McGirl, Mund, and others, and, if any amount be found due to Mund from the late firm of Hoskins and McGirl, that the payment of such sum may be provided for in the decree, to be paid out of the first amount; that is, the amount realized upon the foreclosure of the mortgage. To determine the matter fully, it must be ascertained whether plaintiff and defendant, as the firm of Hoskins and McGirl, are liable to Mund on the debt described; for, if Hoskins and McGirl are still so liable, then the maker of the instrument in writing sued on may, as a partner in the late firm of Hoskins and McGirl, become liable to pay such debt. Therefore the plaintiff in the action, Hoskins, of the late firm of Hoskins and McGirl, asks for this accounting between himself and the defendants, including Mund, in order that the fact may be ascertained whether Hoskins and McGirl owe Mund, and, if they do so owe him, that such indebtedness be provided for in the decree.

The action is for a money judgment, and for the foreclosure of a mortgage, and for an accounting between Hoskins and McGirl, Mund, and the other defendants. In an action of this nature, we are of opinion that the whole matter should be settled by the court, with all the parties before it at once, and

that in such settlement Mund is a proper party.  We suggested these views in the decision of *Hoskins* v. *McGirl, ante,* p. 246.

It is therefore ordered that the judgment be reversed, and the case remanded, with directions to overrule the demurrer.

*Reversed.*

BLAKE, C. J., and HARWOOD, J., concur.