WILMA T. GARRETT v. FELTON S. GARRETT AND LOIS FESLER.

(Filed 25 February, 1948.)

**1. Torts § 4—**

Where two or more persons unite or intentionally act in concert in committing a wrongful act, or participate therein with common intent, they are jointly and severally liable for the resulting injuries.

**2. Same—**

> A complaint alleging that one defendant, acting pursuant to a joint purpose, went to plaintiff's residence and dragged her out of the house to a point beyond the lights, where the other defendant was lying in wait, and that then both defendants forcibly carried her into the street where they publicly assaulted and beat plaintiff, alleges a joint tort, and defendants' demurrer for misjoinder of parties and causes was properly overruled.

APPEAL by defendants from *Morris, J.,* in chambers, 27 December 1947, PASQUOTANK. Affirmed.

Civil action to recover damages for physical injuries resulting from a wrongful assault and battery, heard on demurrer to the complaint.

Plaintiff alleges that she and defendant Garrett are husband and wife, living in a state of separation; that on the night of 10 September 1947 "the defendants, acting in concert and with joint and common purpose and intent, wrongfully, unlawfully and maliciously" went to the residence of plaintiff "where the defendant Fesler being thereto aided and assisted by the defendant Felton S. Garrett, secretly and without warning, maliciously and forcibly seized this plaintiff and dragged her from the house" out to a point beyond the lights where Garrett was lying in wait; that then both defendants forcibly carried her into the street where they publicly assaulted and beat her to the extent she suffered painful bruises, abrasions, lacerations, and contusions, all to her "great indignity and humiliation." After further alleging the injuries in detail, she prays judgment for both actual and punitive damages.

The defendants filed a written demurrer for misjoinder of parties and causes of action.

On the hearing below, the court overruled the demurrer and granted the defendants time within which to answer. Defendants excepted and appealed.

*Wilson & Wilson for plaintiff appellee.*
*J. Henry LeRoy for defendant appellants.*

BARNHILL, J. It is a generally accepted rule that where two or more persons unite or intentionally act in concert in committing a wrongful act, or participate therein with common intent, they are jointly and severally liable for the resulting injuries. *S. v. DeHerrodora,* 192 N. C., 749, 136 S. E., 6; *Williams v. Lumber Co.,* 176 N. C., 174, 96 S. E., 950; *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524, and cases cited; *Moses v. Morganton,* 192 N. C., 102, 133 S. E., 421. See also 52 A. J., 448-50 and notes where copious authorities are cited.

"Where there is a common intent to assault and beat, or where the parties are all present at the beating, as principals, either in the first or second degree, or are guilty as abettors by reason of counsel or encouragement given beforehand, each is guilty of the whole, and in such case joint damages would alone be proper." *Smithwick v. Ward,* 52 N. C., 64; *Meints v. Huntington,* 276 Fed., 245, 19 A. L. R., 664.

Plaintiff has clearly alleged common purpose and intent and concert of action on the part of defendants in committing an assault upon her. Hence, under the rule stated and the authorities cited, the complaint is not open to attack for misjoinder of parties and causes of action. What plaintiff may be able to prove at the final hearing is another matter with which we are not presently concerned.

The judgment below is

Affirmed.