W. D. CASEY, JR., AND EUNICE WINBORN CASEY v. HAROLD J. GRANTHAM AND VIOLA B. GRANTHAM, CLARENCE GRANTHAM, AND W. POWELL BLAND, TRUSTEE.

(Filed 15 January, 1954.)

**1. Pleadings § 15—**

Upon demurrer, the factual allegations of the complaint are to be taken as true and the pleader given the benefit of every reasonable intendment therefrom, and the pleading liberally construed with a view to substantial justice between the parties.

**2. Partnership § 2—**

Partners have a fiduciary relationship to each other which imposes upon them the obligation to use the utmost good faith in dealing with one another in respect to partnership affairs, each being the confidential agent of the other with the right to know all that the other knows in regard to the partnership affairs.

**3. Partnership § 12—**

Allegations of a partner that the other partner had· usurped complete control and exclusive possession of the books, records and entire assets of the partnership and was squandering its earnings and assets, and had refused, after demand, to account to plaintiff for any share of the profits or earnings of the business, *is held* to state a cause of action for an accounting between the partners.

**4. Partnership § 15—**

Under the equitable principle of marshaling of assets, a partner is entitled to have the partnership property first applied to the payment or security of partnership debts before resort is had to his individual assets. G.S. 59-68 (1).

**5. Same—**

Where partners and their wives execute a deed of trust on the entire partnership property and also the individual realty of a partner to secure a partnership debt, allegations of one of the partners that the part-

nership property is sufficient to discharge the debt in full without resort to his individual property states a cause of action in his favor to enjoin the foreclosure of the deed of trust *en masse* pending an accounting of the partnership assets.

**6. Injunctions § 8—**

Ordinarily a temporary restraining order should not be dissolved when the injury, if any, which defendant would suffer from its operation would be slight compared to the irreparable damage which would result to plaintiffs from its dissolution.

**7. Partnership § 15: Pleadings § 2—In partner's action against co-partner for accounting he may enjoin lien-holder from foreclosing deed of trust on partnership and individual property.**

The complaint alleged a cause of action in favor of one partner against his co-partner for an accounting and settlement of the partnership property. The complaint also alleged that the partners and their wives had executed a deed of trust covering not only the partnership property but also realty belonging to plaintiff individually, to secure a partnership debt, that the partnership property was sufficient to pay the partnership debt, and sought to restrain the foreclosure of the deed of trust *en masse* pending an accounting of the partnership property, the trustee and the *cestui que trust* being parties. *Held:* Demurrer on the ground of misjoinder of parties and causes of action should have been overruled, the trustee and the *cestui* being necessary parties for a complete determination and settlement of the questions involved.

**8. Parties § 4—**

Plaintiff is entitled to join as defendants all who claim an interest in the subject matter of the controversy adverse to plaintiff or who are necessary parties to a complete determination of the cause of action. G.S. 1-69.

JOHNSON, J., dissenting.

WINBORNE, J., concurs in dissent.

APPEAL by plaintiffs from *Frizzelle, J.,* at March Term, 1953, of WAYNE. Reversed.

Civil action by plaintiff W. D. Casey, Jr., against defendant Harold J. Grantham for an accounting of a partnership owned solely by them, and in which W. D. Casey, Jr., and wife Eunice Winborn Casey seek to enjoin the foreclosure of a deed of trust on the partnership property and on the home and farm of W. D. Casey, Jr., held by the defendant Clarence Grantham, father of the defendant Harold J. Grantham, until the partnership accounting is had.

The defendant Clarence Grantham demurred to the complaint on these grounds: (1) Misjoinder of parties defendant; (2) misjoinder of causes of action; (3) misjoinder of both parties and causes of action; and (4) for failure of the complaint to state facts sufficient to constitute a cause of action.

The complaint alleges these substantive and constituent facts upon which the plaintiffs' claim to relief is founded.

1. On 17 September 1948, W. D. Casey, Jr., and Harold J. Grantham organized a partnership to engage in a sawmill and cotton gin business. They are equal partners. Casey was general manager. Grantham was to arrange the financing and credit, and said his father, Clarence Grantham, was a man of means, and he could arrange the financing of the business with him. Each partner was to receive one-half of the net profits.

2. During the first and second years of the partnership, Harold J. Grantham borrowed from his father, Clarence Grantham, $15,000.00 in cash at 6% interest for the partnership business, for which loan neither the partnership, nor the individual partners, gave any evidence of this indebtedness or security therefor.

3. In 1951 Casey went to New Mexico on partnership business, leaving the management and control of the partnership business in Wayne County to his partner. When Casey returned to Wayne County, he found the partnership cotton gin was not open, though the cotton ginning season was in progress.

4. To secure Clarence Grantham for his $15,000.00 loan to the partnership prior to going to New Mexico, Casey and his wife, and Harold J. Grantham and his wife executed and delivered to Clarence Grantham 15 promissory notes in the sum of $1,000.00 each bearing interest at 6%; the first note to become due and payable one year from date, and the other 14 notes to become due and payable one each year for the next 14 years. The date of each of said notes was 23 December 1950. To secure this indebtedness the makers of the notes executed and delivered a deed of trust to W. Powell Bland, Trustee, for Clarence Grantham, conveying in said deed of trust to the trustee the assets of the partnership and the home and farm of the plaintiff W. D. Casey, Jr., which deed of trust is properly recorded in Wayne County and by reference made a part of the complaint.

5. Upon his return from New Mexico, Casey found the partnership affairs in bad shape, and a study and accounting of its debts, engagements and affairs were necessary to enable plans to be made for the more orderly operation of the partnership or the settlement of its affairs. Casey undertook to arrange such study and accounting with Harold and Clarence Grantham, but after diligent efforts and numerous conferences nothing could be done to that end.

6. The books and records of the partnership are now, and have been, in the hands of the defendants Harold J. Grantham and wife Viola Grantham. Harold J. Grantham, aided and abetted by his father, has usurped complete control and exclusive possession of the entire assets and business of the partnership, is squandering its assets, and refuses to account to Casey for any share of the profits. That Harold J. Grantham and his

father have entered into a course of dealing with each other for the purpose of ousting Casey from the partnership to the end that they may take over not only the assets of the partnership conveyed in the deed of trust above mentioned, but also the home and farm of Casey conveyed in the deed of trust. That in furtherance of this purpose Harold J. Grantham and his father have caused Bland, Trustee, to advertise for public sale on 6 December 1952, the property conveyed in the deed of trust so that W. D. Casey, Jr.'s farm and home may be sold at a forced sale to plaintiffs' irreparable damage.

7. That the partnership property conveyed in the deed of trust is well worth the amount of the debt and interest owed by the partnership to Clarence Grantham.

The plaintiffs prayed first for an accounting of the partnership business and second that the sale of the property under the deed of trust be enjoined.

On 6 December 1952, Honorable Henry L. Stevens, Jr., holding the courts of the 4th Judicial District, issued a temporary restraining order.

At the March Term 1953, the Honorable J. Paul Frizzelle signed a judgment sustaining the demurrer to the complaint filed by Clarence Grantham on the ground of a misjoinder of parties and causes of action, dismissing the action and dissolving the temporary restraining order before issued by the Honorable Henry L. Stevens, Jr.

From the judgment so entered the plaintiffs appealed.

*J. Faison Thomson & Son and S. B. Berkeley for plaintiffs, appellants.*
*Paul B. Edmundson for defendant, appellee.*

PARKER, J. Upon the essential or ultimate facts stated in the complaint, which on a demurrer we are required to construe liberally with a view to substantial justice between the parties with every reasonable intendment to be made in favor of the pleader, these three questions are presented for decision: First, does the complaint state a cause of action for an accounting and settlement of partnership affairs between the partners W. D. Casey, Jr., and Harold J. Grantham; Second, can the plaintiffs enjoin the foreclosure sale under the deed of trust of the partnership property and the home and farm of the plaintiff W. D. Casey, Jr., until after an accounting and settlement of the partnership; and Third, if so, are Clarence Grantham and W. Powell Bland, Trustee, proper parties defendants so that it can be done in this suit?

It is elementary that the relationship of partners is fiduciary and imposes on them the obligation of the utmost good faith in their dealings with one another in respect to partnership affairs. Each is the confidential agent of the other, and each has a right to know all that the others

know, and each is required to make full disclosure of all material facts within his knowledge in any way relating to the partnership affairs. 40 Am. Jur., Partnership, p. 217.

G.S. 59-52 provides "any partner shall have the right to a formal account as to partnership affairs: (a) if he is wrongfully excluded from the partnership business or possession of its property by his co-partners . . . (d) whenever other circumstances render it just and reasonable."

Equitable jurisdiction is practically exclusive in proceedings for an account and settlement of partnership affairs, including suits for an accounting and settlement of the firm's affairs between the co-partners themselves. Pomeroy's Equitable Jurisprudence (5th Ed.), Vol. 4, p. 1078.

The complaint alleges that the partner Harold J. Grantham has usurped complete control and exclusive possession of the entire business and assets of the partnership; that the books and records of the partnership are in the hands of Harold J. Grantham and his wife; that Harold J. Grantham is squandering the assets and earnings of the partnership and refuses to account to his partner W. D. Casey, Jr., one of the plaintiffs, for any share of the profits or earnings of the business, though demand has been made therefor. The complaint clearly states a cause of action for an accounting of the partnership between the partners. *Pugh v. Newbern,* 193 N.C. 258, 136 S.E. 707.

G.S. 59-68 (1) reads: "When dissolution is caused in any way, except in contravention of the partnership agreement, each partner, as against his co-partners and all persons claiming through them in respect of their interest in the partnership, unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners."

"Each partner may be said to have an equitable lien on the partnership property for the purpose of having it applied in discharge of the debts of the firm; and to have a similar lien on the surplus assets for the purpose of having them applied in payment of what may be due to the partners respectively, after deducting what may be due from them, as partners to the firm." Lindley on Partnership, 10th Ed., p. 426. See also Rowley Modern Law of Partnership, Vol. I, p. 413. For practical purposes this right does not exist until the affairs of the partnership have to be wound up, or the share of a partner ascertained. Lindley, *ibid.,* p. 427.

It is said in 68 C.J.S., Partnership, p. 639, "the right, in equity, to have the partnership and individual assets marshaled is for the benefit and protection of the partners themselves, and, therefore, the equity of a creditor, to the application of this doctrine, is of a dependent and subordinate character, and must be worked out through the medium of the partners or their representatives"—citing in support of the text *Dilworth v.*

*Curts,* 139 Ill. 508, 29 N.E. 861, where it is said "the right in equity to have the partnership and individual assets marshaled is one resting in the hands of the partners, and must be worked out through them."

Each partner has the right to have the partnership property applied to the payment or security of partnership debts in order to relieve him from personal liability. *Bankers Trust Co. v. Knee,* 222 Iowa 988, 270 N.W. 438; see also *Simmons v. Simmons,* 215 Iowa 654, 246 N.W. 597, 601.

It appears that under the general rule as to marshaling partnership and individual assets, or under the application of a principle of equity similar to that rule, the rule that partnership debts may be paid out of individual assets is subject to the modification that the individual assets may be so applied where, and only where, there are no firm assets, or where the firm assets have become exhausted. It would seem that the rationale for this modification to the rule rests upon the fact that the partners occupy the position of sureties in respect to their individual property being liable for the payment of partnership debts. 68 C.J.S., Partnership, p. 664; 35 Am. Jur., Marshaling Assets and Securities, Sec. 21; 37 Am. Jur., Mortgages, Sec. 695; Annotations; 47 L.R.A. (N.S.) 303; 12 L.R.A. (N.S.) 695; L.R.A. 1917 B., p. 528.

The complaint alleges that the partnership property conveyed in the deed of trust to Bland, Trustee, for the benefit of the defendant Clarence Grantham is well worth the amount of the debt and interest owed by the partnership to Clarence Grantham. The demurrer admits that allegation to be true. The reasonable inference to be drawn from the complaint is that all of the partnership property is situate in Wayne County, and is in the jurisdiction of the Superior Court of that county. There is nothing in the complaint to show that the partnership has any debt, except the debt to Clarence Grantham, father of Harold J. Grantham. Harold J. Grantham owes to his partner W. D. Casey, Jr., the obligation of the utmost good faith in respect to the partnership affairs, but instead of performing that duty he has in his possession the books, records and assets of the partnership, and refuses to account to Casey as to the partnership affairs. The complaint further alleges that Harold J. Grantham and his father Clarence Grantham are seeking to oust W. D. Casey, Jr., from the partnership so that they may take over not only the assets of the partnership, but also Casey's home and farm, and have had Bland, Trustee, to advertise for sale the property conveyed in the deed of trust to plaintiffs' irreparable damage.

It may be that the property of the partnership conveyed in the deed of trust may not sell for enough at a forced sale to pay Clarence Grantham's debt in full—though the demurrer admits that it will—but that Harold J. Grantham may be indebted to the partnership in an amount to make up such deficiency, if such a deficiency should exist. How can

that be determined, until there is an accounting between the partners of the partnership affairs?

Under the rules laid down above it would seem to be plain that the plaintiffs have alleged sufficient facts to enjoin a foreclosure sale under the deed of trust until there has been an accounting and settlement of the partnership affairs between the partners, Casey and Harold J. Grantham. Under such circumstances it is the rule with us that an injunction should be granted where the injury, if any, which the defendant Clarence Grantham, would suffer from its issuance would be slight as compared with the irreparable damage which the plaintiffs would suffer from the forced sale of their home and farm from its refusal, if the plaintiffs should finally prevail. *Huskins v. Yancey Hospital, Inc.,* 238 N.C. 357, 78 S.E. 2d 116, where the authorities are cited.

We now come to the third question: Are W. Powell Bland, Trustee, and Clarence Grantham proper parties defendants so that such an injunction can be issued in this suit? The answer is Yes.

"As a rule, creditors of a partnership are neither necessary nor proper parties to a suit between partners for a firm settlement and accounting . . . the circumstances may be such that they are properly made parties in the first instance." 68 C.J.S., Partnership, p. 939. In support of the statement "the circumstances may be such that they are properly made parties in the first instance" the text cites *Hoskins v. McGirl,* 12 Mont. 563, 31 P. 544. In that case the headnote correctly states the court's decision as follows: "A. and B., as partners, became indebted to C. and D., for which B. became liable, as A. afterwards withdrew. A., claiming that such debt had been fully paid, which B. denied, brought action against B., making C. and D. parties, for an accounting and on a note which specified that B. should be allowed 'set-offs for all debts of the firm of A. & B., which he may now be or hereafter become liable to pay.' Held, under Code, Sec. 16, which provides that 'any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein,' that C. and D. were proper parties." In the opinion the Court said: "In an action of this nature, we are of opinion that the whole matter should be settled by the court, with all the parties before it at once, and that in such settlement Mund is a proper party."

G.S. 1-69 provides that "all persons may be made defendants, jointly, severally, or in the alternative, who have, or claim an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved."

One cause of action is alleged in the complaint—a suit by W. D. Casey, Jr., as a partner against his partner Harold J. Grantham for an account-

ing and settlement of the partnership affairs between themselves and in which suit the plaintiffs are seeking to enjoin the foreclosure of a deed of trust by Bland, Trustee, and Clarence Grantham, father of Harold J. Grantham, on the partnership property and on their home and farm until the partnership accounting is had. The demurrer of Clarence Grantham admits as true the allegation in the complaint that the partnership property conveyed in the deed of trust is well worth the amount of the debt with interest owed by the partnership to Clarence Grantham. In our opinion, W. Powell Bland, Trustee, and Clarence Grantham are necessary parties so that the court can completely determine and settle the questions involved *with all the parties before it at once.* How can the joinder of these parties embarrass or injuriously affect the rights of Harold J. Grantham and wife? *Ezzell v. Merritt,* 224 N.C. 602, 31 S.E. 2d 751.

There is no misjoinder of parties and causes of action, and the judgment of the lower court sustaining the demurrer and dismissing the action at the costs of the plaintiffs was entered improvidently, and it is ordered
    Reversed.

JOHNSON, J., dissenting: In this case the plaintiffs have declared upon two causes of action. The first is against the defendant Harold J. Grantham for an accounting and settlement of the business and affairs of a partnership owned solely by the plaintiff W. D. Casey, Jr., and Harold J. Grantham. The second cause of action is to enjoin the foreclosure of a deed of trust on the partnership property held by the defendant Clarence Grantham.

The gravamen of the first cause of action is that the plaintiff W. D. Casey, Jr., and the defendant Harold J. Grantham are equal partners in a sawmill and cotton gin business of which Casey is general manager; and that Harold J. Grantham has usurped complete control and exclusive possession of the entire business and assets of the partnership, is squandering its assets and earnings, and refuses to account to Casey for any share of the profits or earnings of the business.

For the purpose of decision it may be conceded that the plaintiffs have alleged facts sufficient to constitute a cause of action for partnership accounting against Harold J. Grantham. *Pugh v. Newbern,* 193 N.C. 258, 136 S.E. 707. The joinder of the *feme* plaintiff may be treated as surplusage. This upon the theory that the mere joinder of an unnecessary party plaintiff is immaterial. *Pendergraph v. American Ry. Express Co.,* 178 N.C. 344, 100 S.E. 525; *McMillan v. Baxley,* 112 N.C. 578, 16 S.E. 845.

The gist of the second cause of action, when stripped of legal inferences and conclusions of the pleader, is (1) that the defendant Clarence Grantham is the holder of a series of partnership notes totaling $15,000, made

by the two partners and their spouses, secured by deed of trust embracing all property and assets of the partnership, and also including the home and farm of the plaintiffs, their individual property; (2) that the property belonging to the partnership "is well worth the amount of the debt" owed by the partnership to the defendant Clarence Grantham; and (3) that all the property embraced in the deed of trust, including the individual property of the plaintiffs, is being advertised for *en masse* public sale under the power contained in the deed of trust.

G.S. 1-123 classifies and limits the causes of action which may be joined in the same complaint. It provides in part: "The plaintiff may unite . . . several causes of action, of legal or equitable nature, or both, where they all arise out of—1. The same transaction, or transaction connected with the same subject of action."

From the decisions construing and applying the foregoing provisions of the statute these general principles seem pertinent to the case at hand:

1. Causes of action which arise from a series of transactions connected together forming one course of dealing and tending to one end, ordinarily may be joined. *Barkley v. Realty Co.*, 211 N.C. 540, 191 S.E. 3; *Balfour Quarry Co. v. Construction Co.*, 151 N.C. 345, 66 S.E. 217; *King v. Farmer*, 88 N.C. 22.

2. However, each cause of action so joined "must relate to one general right," and each "must be so germane to it as to be regarded really as a part thereof." *Pressley v. Tea Co.*, 226 N.C. 518, 39 S.E. 2d 382. And "the connection with the subject of the action must be immediate and direct." *Hancammon v. Carr*, 229 N.C. 52, 47 S.E. 2d 614. Ordinarily, "a remote, uncertain, partial connection is not enough to satisfy the requirements of the statute." *Hancammon v. Carr, supra.*

3. The word "transaction" as used in G.S. 1-123 "means something which has taken place whereby a cause of action has arisen, and embraces not only contractual relations but also occurrences in the nature of tort." *Smith v. Gibbons*, 230 N.C. 600, 54 S.E. 2d 924.

The word "transaction" as employed in the statute may also connote the meaning "of the conduct or finishing up of an affair, which constitutes as a whole the 'subject of action.'" *Cheatham v. Bobbitt*, 118 N.C. 343, 24 S.E. 13; *Smith v. Gibbons, supra.*

4. The "subject of action" means "the thing in respect to which the plaintiff's right of action is asserted, whether it be specific property, a contract, a threatened or violated right, or other thing concerning which an action may be brought and litigation had." *Hancammon v. Carr, supra; Smith v. Gibbons, supra.*

In the next to the last paragraph of G.S. 1-123 it is provided that (subject to an exception not pertinent here) "the causes of action so united . . . *must affect all the parties to the action.*" (Italics added.)

The foregoing provision of the statute stands as a further limitation on the joinder of causes of action. Its plain meaning, as construed and applied in a long line of uniform decisions of this Court, is to prohibit the joinder of distinct causes of action against different persons having no substantial connection with each other in respect to such causes of action, and to prevent two or more persons from being sued in the same action in respect to distinct causes of action when there is no joint or common liability among them. *Brown v. Coble*, 76 N.C. 391; *Logan v. Wallis*, 76 N.C. 416; *Street v. Tuck*, 84 N.C. 605; *Burns v. Williams*, 88 N.C. 159; *Mitchell v. Mitchell*, 96 N.C. 14, 1 S.E. 648; *Bank v. Angelo*, 193 N.C. 576, 137 S.E. 705; *Mills v. Bank*, 208 N.C. 674, 182 S.E. 336; *Burleson v. Burleson*, 217 N.C. 336, 7 S.E. 2d 706.

Thus, when a complete determination of one cause of action united with another requires the joinder of parties not necessary to the other, it is demurrable. *Logan v. Wallis, supra; Roberts v. Mfg. Co.*, 181 N.C. 204, 106 S.E. 664; *Mills v. Bank, supra.*

Our statute which regulates the joinder of defendants is G.S. 1-69. It provides that all persons "may be made defendants, . . . who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved."

Where there is a misjoinder of causes of action alone, the case should not be dismissed. Rather, the court should sever the causes and divide the action for separate trials. G.S. 1-132; *Pressley v. Tea Co., supra; Snotherly v. Jenrette*, 232 N.C. 605, 61 S.E. 2d 708; *Teague v. Oil Co.*, 232 N.C. 469, 61 S.E. 2d 345.

However, where there is not only a misjoinder of distinct causes of action, but also misjoinder of parties having no community of interest, the action may not be divided on demurrer, and where this occurs the demurrer must be sustained, and the usual practice is for the court to dismiss the case. *Teague v. Oil Co., supra; Southern Mills v. Yarn Co.*, 223 N.C. 479, 27 S.E. 2d 289; *Bank v. Angelo, supra; Roberts v. Mfg. Co., supra; Jones v. McKinnon*, 87 N.C. 294; *Cromartie v. Parker*, 121 N.C. 198, 28 S.E. 297. But compare *Shore v. Holt*, 185 N.C. 312, 117 S.E. 165, where the main cause of action was salvaged and retained by allowing the plaintiffs to strike out the companion cause of action which produced the misjoinder of parties and causes. See also *Campbell v. Power Co.*, 166 N.C. 488, 82 S.E. 842; *Patterson v. Franklin*, 168 N.C. 75, 84 S.E. 18.

This complaint, when measured by facts properly pleaded, with legal inferences and conclusions of the pleader disregarded, as is the rule on demurrer (*Bumgardner v. Fence Co.*, 236 N.C. 698, 74 S.E. 2d 32), discloses no sufficient community of interest among the parties defendant

or connection between the causes of action to justify joinder. *Burleson v. Burleson, supra* (217 N.C. 336).

It is true the complaint contains certain allegations which, if treated as factual allegations, would sustain joinder, but it is submitted that these determinative allegations are not allegations of fact. Rather, they are conclusions of the pleader to be disregarded.

Before examining these allegations in detail, attention is directed to certain fundamental principles by which the allegations are required to be tested.

Our Code of Civil Procedure provides, G.S. 1-122, that "The complaint must contain—2. A plain and concise *statement of the facts* constituting a cause of action, . . ." (Italics added.)

"A plain and concise statement of facts," within the meaning of this statute, means a statement of all the facts necessary to enable the plaintiff to recover. By a "plain" statement is meant a direct and positive averment of fact, and not by way of inference, conclusion, or argument. *Commissioners v. McPherson,* 79 N.C. 524; *Citizens Bank v. Gahagan,* 210 N.C. 464, 187 S.E. 580; *Barron v. Cain,* 216 N.C. 282, 4 S.E. 2d 618; McIntosh, North Carolina Practice and Procedure, p. 353; 71 C.J.S., Pleading, Sec. 69.

The cardinal requirement of this statute, as emphasized by numerous authoritative decisions of this Court, is that the facts constituting a cause of action, rather than the conclusions of the pleader, must be set out in the complaint, so as to disclose the issuable facts determinative of the plaintiff's right to relief. *Chason v. Marley,* 223 N.C. 738, 28 S.E. 2d 223; *Griggs v. Griggs,* 213 N.C. 624, 197 S.E. 165; *Wilcox v. McLeod,* 182 N.C. 637, 109 S.E. 875; *Lassiter v. Roper,* 114 N.C. 17, 18 S.E. 946; *Moore v. Hobbs,* 79 N.C. 535. See also *Galloway v. Goolsby,* 176 N.C. 635, 97 S.E. 617; *Rountree v. Brinson,* 98 N.C. 107, 3 S.E. 747.

And it is fundamental that on demurrer only facts properly pleaded are to be considered, with legal inferences and conclusions of the pleader to be disregarded. *Bumgardner v. Fence Co., supra* (236 N.C. 698); *Bank v. Gahagan, supra* (210 N.C. 464); *Brick Co. v. Gentry,* 191 N.C. 636, 132 S.E. 800; *Bank v. Bank,* 183 N.C. 463, 112 S.E. 11.

Against this background of general principles, the allegations which are specially urged as being sufficient to overthrow the demurrer are here set out in summary:

That in 1951, the plaintiff *"left the local affairs of said partnership under the management and control of the defendant Harold J. Grantham* and went to the State of New Mexico for the purpose of" operating an adjunct of the partnership business; that on his return from New Mexico he discovered "that the partnership affairs were in such shape that a thorough study, analysis, and accounting of its situation, debts, engage-

ments and affairs was necessary to enable plans to be made for a more orderly operation of said partnership or for the settlement of its affairs, and a division of the remaining assets of the partnership . . .; that he . . . undertook to arrange such action with Harold and Clarence Grantham, but . . ., though diligent . . . efforts were made . . . nothing could be effectuated in this regard; . . . That . . . the plaintiff . . . has had *conference after conference with the defendant Harold J. Grantham and the defendant Clarence Grantham in an effort to have an accounting and settlement of the partnership affairs, to see the books and records of the partnership, which are now and have been in the hands of the defendant Harold J. Grantham and his wife, Viola B. Grantham;* . . . all of these conferences and efforts made by the plaintiff . . . have failed utterly; . . ." (Italics added.)

Up to here the gist of the allegations is that the plaintiff since returning from New Mexico has been unable to get a satisfactory accounting in respect to the condition and affairs of the partnership business which he turned over to his partner when he left the State. But it is nowhere alleged that lien-creditor Clarence Grantham had any dealings with the partnership while the plaintiff was out of the State, or that he knows anything about the partnership affairs, or that he owes the plaintiff partner any duty to assist him in getting an accounting from his co-partner. The plaintiff alleges that partner Harold Grantham and wife have the books of the partnership and that he is unable to get an accounting or settlement. These allegations may make for a cause of action for an accounting in favor of the plaintiff against partner Harold Grantham, but not so as against Clarence Grantham. No duty rests on Clarence Grantham as a mere lien-creditor to come forward and assist the plaintiff in getting his settlement from his co-partner. And here, again, it is noted that the status of Clarence Grantham's past due debt is nowhere disputed or challenged by the plaintiff. Therefore the mere allegation that Clarence sat in on one or more of the plaintiff's futile conferences with partner Harold Grantham in no wise implicates lien-creditor Clarence Grantham in the partnership accounting.

The thread of allegation then moves on to this: ". . . that your plaintiff W. D. Casey, Jr. *now verily believes and so alleges,* that the defendant, Harold J. Grantham, *aided and abetted* by his father, the defendant Clarence Grantham, has usurped complete control and exclusive possession of the entire business and assets of the said partnership; that the *said co-partner* is squandering the assets and earnings of the partnership and refuses to account to the plaintiff . . . for any share of the profits or earnings of the business. . . . that the said defendant Harold J. Grantham, as the plaintiff W. D. Casey, Jr. *verily believes and so alleges,* and his said father, the defendant Clarence Grantham, have entered into

a course of dealing with each other for the purpose of ousting the plaintiff . . . from the business affairs and premises of said partnership and the assets thereof, to the end that they, themselves, may take over not only the assets of the partnership conveyed in the deed of trust . . ., but also the home and farm of the plaintiff . . ., also conveyed in said deed in trust; and that as a part of and in furtherance (of) this said *oppressive, unfair, unjust and inequitable and unlawful plan and course of dealing*, they, the said defendants, Harold Grantham and his father, Clarence Grantham, have caused the defendant W. Powell Bland, Trustee . . ., to advertise for public sale, at the courthouse door in Goldsboro, at 12 o'clock noon, . . . the 6th day of December, 1953, the properties conveyed in the deed of trust . . ., to the end that all of the valuable assets of said partnership . . . together with the home of the plaintiffs . . . and their farm will be sold . . ." (Italics added.)

From the foregoing, it is noted that while the plaintiff W. D. Casey, Jr., first states in the complaint that he turned the partnership business and property over to partner Harold Grantham when he left for New Mexico, he alleges in the paragraphs now under analysis that partner Harold, aided and abetted by his father, Clarence, usurped "control and possession" of the business, and that "said co-partner is squandering the assets . . ." As to this, it is significant that the "exclusive possession" and the "squandering" of assets complained of are not alleged against Clarence Grantham, nor against Clarence and Harold jointly, but solely against partner Harold. The only allegation against Clarence is that he "aided and abetted" Harold. Yet no single fact is alleged in respect to how or in what manner Clarence "aided and abetted" Harold. The allegation stands as nothing more than a conclusion of the pleader, wholly unsupported by factual allegations of any sort tending to make for a cause of action against Clarence Grantham. As stated by *Chief Justice Stacy* in *Bowen v. Mewborn*, 218 N.C. 423, p. 428, 11 S.E. 2d 372, "It is axiomatic that unless the conclusion deduced is supported by facts stated, it is a mere *brutum fulmen*"—which in common parlance means "harmless thunder."

Here the unsupported charge that son Harold was "aided and abetted" by father Clarence is no more than the attempt in *Bowen v. Mewborn, supra,* to hold the father responsible for an assault of the son under allegations that the father "procured, instigated and influenced his said son to maliciously assault and abuse the plaintiff . . ." These allegations, mere conclusions of the pleader, were held insufficient to connect the father, and his demurrer was sustained.

In *Sharp v. Cox,* 158 Kan. 253, 146 P. 2d 410, the allegations that the defendants "instigated, caused and procured the arrest and confinement

of said plaintiff . . .," unaccompanied by any statement of facts supporting the pleader's conclusion, were held insufficient.

The instant charge that Clarence "aided and abetted" son Harold is like charging "a fraud upon creditors," without supporting factual allegations (*Development Co. v. Bearden,* 227 N.C. 124, 41 S.E. 2d 85; *Mills Co. v. Mfg. Co.,* 218 N.C. 560, 11 S.E. 2d 550), or like alleging an "assault" without factual particulars about how it occurred (*Chancey v. R. R.,* 174 N.C. 351, 93 S.E. 834), or like charging a defendant with "negligence" without stating the factual details making for negligence and proximate cause (*Whitehead v. Telephone Co.,* 190 N.C. 197, 129 S.E. 602), or like charging that "the negligence of the defendant in constructing and maintaining said underpass in an unlawful manner was 'wanton' " (*Baker v. R. R.,* 205 N.C. 329, p. 333, 171 S.E. 342). It is like alleging, without supporting facts, that "the defendant Bank is indebted to the plaintiff in the sum of $21.38, the face amount of said check." (*Ins. Co. v. Stadiem,* 223 N.C. 49, p. 51, 25 S.E. 2d 202). See also *Mills Co. v. Mfg. Co., supra,* (218 N.C. 560); *Andrews v. R. R.,* 200 N.C. 483, 157 S.E. 431; *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Leonard v. Maxwell,* 216 N.C. 89, 3 S.E. 2d 316; *Whitehead v. Telephone Co., supra.*

Likewise, the adjectives "oppressive, unfair, unjust and inequitable and unlawful" appearing in the instant complaint are only conclusions of the pleader, to be disregarded. See *Baker v. R. R., supra; Development Co. v. Bearden, supra; Chancey v. R. R., supra;* 41 Am. Jur., Pleading, Sec. 20.

Similarly, the charge that "plaintiffs . . . verily believe and so allege," that Harold and Clarence have entered into a "course of dealing" for the purpose of ousting the plaintiff from the partnership to the end that they may take over the property of the partnership and that of the plaintiffs, standing as it does without supporting allegation of facts, are only conclusions of the pleader. *Bowen v. Mewborn, supra* (218 N.C. 423); *Mills Co. v. Mfg. Co., supra* (218 N.C. 560); *Development Co. v. Bearden, supra* (227 N.C. 124); *Chancey v. R. R., supra* (174 N.C. 351).

The allegations of this complaint fall far short of connecting Clarence Grantham with the partnership accounting action against Harold Grantham on the theory of the decision in *Trust Co. v. Peirce,* 195 N.C. 717, 143 S.E. 524 (cited and relied on by appellants), in which the complaint was held not demurrable where it alleged specific facts which were characterized by *Chief Justice Stacy* as amounting to "a general course of dealing and systematic policy of wrong doing, concealment and mismanagement, virtually amounting to a conspiracy, in which the defendants are all charged with having participated at different times and in varying degrees. . . . A connected story is told and a complete picture

is painted of a series of transactions, forming one general scheme, and tending to a single end."

An examination of the record in *Trust Co. v. Peirce, supra,* discloses a complaint covering 95 pages of the printed record and containing over 290 paragraphs of factual allegations charging a group of former officers and directors of a closed bank with specific acts of mismanagement which lead, over a period of some six years, to ultimate insolvency of the bank.

Nothing of the sort is alleged here. It is one thing to allege, as in *Trust Co. v. Peirce, supra,* specific facts and transactions which when taken as true on demurrer show an unlawful plan and course of dealing, virtually amounting to a conspiracy. But it is quite another thing to allege, as here, merely on "belief" of the pleader that the defendants have formed an "unlawful plan and course of dealing," without specific factual allegations to support the general denunciation. *Development Co. v. Bearden, supra.* See these cases wherein the complaints are held insufficient to invoke the doctrine applied in *Trust Co. v. Peirce: Grady v. Warren,* 201 N.C. 693, 161 S.E. 319; *Wilkesboro v. Jordan,* 212 N.C. 197, 193 S.E. 155; *Holland v. Whittington,* 215 N.C. 330, 1 S.E. 2d 813. And these cases in which the allegations are held sufficient to come within the doctrine of *Trust Co. v. Peirce: Garrett v. Garrett,* 228 N.C. 530, 46 S.E. 2d 302; *Bellman v. Bissette,* 222 N.C. 72, 21 S.E. 2d 896.

The allegations in the instant case fail to allege a joint tort or conspiracy within the purview of the principle applied in *Trust Co. v. Peirce, supra,* though undoubtedly that is what the plaintiffs were "driving at."

In a strict legal sense there is no such thing as a civil action for conspiracy. In civil conspiracy the action is for damages caused by acts committed in furtherance of a formed conspiracy, rather than by the conspiracy itself. 11 Am. Jur., Conspiracy, Sec. 45. It is otherwise as to criminal conspiracy. *S. v. Hedrick,* 236 N.C. 727, 73 S.E. 2d 904. The gist of the civil action for conspiracy is the act or acts committed in pursuance thereof—the damage done—not the conspiracy or the combination. *Eason v. Petway,* 18 N.C. 44 (opinion by *Ruffin, C. J.*); *Gallop v. Sharp,* 179 Va. 335, 19 S.E. 2d 84; *Sikes v. Foster,* 74 Ga. App. 350, 39 S.E. 585; *Dano v. Sharp,* 236 Mo. App. 113, 152 S.W. 2d 693. Whereas the unlawful combination is the essence of criminal conspiracy; the conspiracy is the crime and not its execution. *S. v. Hedrick, supra; S. v. Whiteside,* 204 N.C. 710, 169 S.E. 711; *S. v. Wrenn,* 198 N.C. 260, 151 S.E. 261.

It necessarily follows that to constitute civil conspiracy, the complaint must contain allegations of the facts—not conclusions—necessary to constitute a cause of action. 11 Am. Jur., Conspiracy, Sec. 55.

A conspiracy cannot be grounded on the doing of a lawful act unless the means are unlawful. *U. S. Food & Grocery Bureau of Southern*

*California,* 43 F. Supp. 966; nor may a conspiracy be rested upon mere "silent observation and acquiescence." First headnote, *Brannock v. Bouldin,* 26 N.C. 61, opinion by *Ruffin, C. J.* It is also elemental that conspiracy may not be grounded on the mere establishment of separate causes of action against two or more defendants. *Thomas Russell & Sons v. Stampers' & Gold Leaf Local Union No. 22,* 107 N.Y.S. 303.

The complaint in the case at hand alleges no actionable tort or conspiracy against Clarence Grantham, nor do the allegations, when tested by established principles of law, connect him in a legal sense with the partnership accounting action against Harold Grantham. See *Brannock v. Bouldin, supra; Setzar v. Wilson,* 26 N.C. 501; *Kirby v. Reynolds,* 212 N.C. 271, 193 S.E. 412.

Testing the complaint further by the statutory provisions which control the joinder of parties and causes of action, these factors come into focus:

1. Plaintiff Casey's cause of action for accounting arises out of the alleged misconduct of the defendant Harold J. Grantham in taking exclusive possession of the assets of the partnership and usurping, to the exclusion of co-partner Casey, complete control of the business, and in squandering the assets and earnings of the partnership and refusing to account to Casey for any share of the profits.

2. Plaintiffs' cause of action for injunctive relief arises out of the impending foreclosure *en masse* of all the property described in the deed of trust, with the plaintiffs being entitled to have the court, in the exercise of its chancery powers, require that the trustee first offer for sale the partnership property in exoneration of the individual property of the plaintiffs, with direction that the individual property be sold only in the event the partnership property proves inadequate to satisfy the lien debt.

3. The two causes of action, as alleged, are separate and distinct both in the sense that they neither arise out of the same transaction nor out of transactions connected with the same subject of action. The first cause of action relates only to the accounting between the two partners; whereas the second cause of action is for equitable relief by way of injunction against Bland, Trustee, and Clarence Grantham, strangers both to the partnership agreement and to the partnership accounting. It is noted that in the action against partner Harold J. Grantham for an accounting, there is no allegation involving Clarence Grantham. The validity of his lien debt is not challenged. The amount due thereon stands undisputed. In respect to the accounting, nothing is alleged entitling the plaintiffs to relief of any sort against Bland, Trustee, or lien-creditor Clarence Grantham, and in no sense are they necessary parties to a complete determination of the questions involved in the accounting action.

It thus appears upon the face of the complaint that there is no substantial relation or connection between the two causes of action; and, further, that the defendants in the injunction action are in no sense necessary parties to or affected by the partnership accounting action. It necessarily follows that there is a misjoinder of both parties and causes of action. Therefore, under authoritative decisions of this Court, the judgment of Judge Frizzelle sustaining the demurrer and dismissing the action should be upheld. *Mills v. Bank, supra; Roberts v. Mfg. Co., supra.*

Nor is it perceived that lien-creditor Clarence Grantham may be held as a party to this cause on the theory that the complaint alleges only one cause of action, and that he is a necessary party defendant. The majority opinion concedes that according to the general rule "creditors of a partnership are neither necessary nor proper parties to a suit between partners for a firm settlement and accounting and have no right to intervene therein." 68 C.J.S., Partnership, Sec. 415, p. 939. Decision as announced in the majority opinion seems to be rested on an exception to the general rule as established by the decision in *Hoskins v. McGirl,* 12 Mont. 563, 31 P. 544, cited in 68 C.J.S., p. 939. This case was decided in 1892, and according to Shepard's Pacific Reporter System it has never before been cited as authority for a decided case. But be that as it may, an examination of the cited case discloses that the facts there are quite different from the facts here, and it is not believed that the instant case comes within the purview of the exception to the general rule as so established by the Montana Court. In that case the validity of the lien-creditor's claim was under direct attack; whereas, in the instant case nothing of the sort appears.

With the lien debt standing past due and undisputed, it is manifest that Clarence Grantham was acting within his legal rights in calling on the trustee to exercise the power of sale. The debt being past due and unchallenged, Clarence Grantham has a clear legal right to have his deed of trust foreclosed, and this is so regardless of what his motives may be. *Fleming v. Dano,* 304 Mass. 46, 22 N.E. 2d 609; *Dickerman v. Northern Trust Co.,* 176 U.S. 181, 20 S. Ct. 311, 44 L. Ed. 423. See also *Robitaille v. Morse,* 283 Mass. 27, 186 N.E. 78.

The majority opinion states, on authority of the Montana case, *supra,* that "W. Powell Bland, Trustee, and Clarence Grantham are necessary parties so that the court can completely determine and settle the questions involved with all the parties before it at once." It is not perceived that any questions involving the rights of lien-creditor Clarence Grantham are presented for settlement. His unchallenged claim affects none of the questions involved in the accounting action between the partners. Nor does it appear that his rights are in anywise affected by what may happen in the accounting action between the partners.

The majority opinion in closing states: "How can the joinder of these parties (Bland, Trustee, and Clarence Grantham) embarrass or injuriously affect the rights of Harold J. Grantham and wife?" This, it seems to me, misses the point. Certainly, it may be conceded that the rights of Harold J. Grantham and wife will not be injuriously affected by the joinder of lien-creditor Clarence Grantham. Harold and wife have made no objection to the joinder; they do not appeal. It is lien-creditor Clarence Grantham who asserts he is not a necessary or proper party to the action. It is he, and not Harold, who demurred below. Manifestly, his rights as the holder of an unchallenged, past-due note may be seriously affected if he is held in the action and required by injunction to withhold foreclosure of his deed of trust until the partnership accounting, in which he has no connection, runs the gamut through possible receivership and reference hearings to final determination.

It may be conceded that the plaintiffs are entitled to have their individual property marshaled, to the end that it may be sold only in the event the partnership property fails to bring enough to settle the lien debt. However, they are not entitled to such relief in this action as presently constituted. Indeed, they neither specifically allege themselves entitled to such relief nor ask it in this action. See *Bank v. Caudle, post,* p. 270. They seek, rather, to stay foreclosure of all the property until after the accounting action is terminated. The majority opinion seems to place such relief within their grasp. I am constrained to the view that a questionable precedent is being set which may disturb fundamental principles fixing the rights of responsible lending agencies to collect their loans without undue delay. It seems to me that the able judge who presided below applied the correct principles of law in dismissing the action, and my vote is to sustain the judgment.

WINBORNE, J., concurs in dissent.