### R. M. PENTECOST v. LONNIE RAY.

(Filed 14 January, 1959.)

**1. Partnership § 12—**

Upon the dissolution of a partnership, either by the partners or by the court, the partners are responsible to each other for an accounting.

**2. Receivers § 9:　Reference § 11—**

Where, pursuant to the referee's report, in an action for the dissolution of a partnership, receivers are appointed to take inventory and to sell assets of the partnership, the property of the partnership is in the hands of the court and the partnership is terminated, and another reference may not be ordered on the ground that thereafter one of the partners had commenced a business of a similar nature and had used partnership assets therein and should account therefor, since, if the receivers did not take over all of the partnership property, the remedy is to send them back for it or to have its loss accounted for.

APPEAL by defendant from *Hobgood, J.,* September, 1958 Civil Term, ALAMANCE Superior Court.

Civil action instituted November 7, 1953, for dissolution of a partnership and for an accounting. The plaintiff alleged the parties entered into a partnership for the manufacture of hosiery under the name Ray Hosiery Mill; that the partnership operated at a loss and the defendant refused to dissolve. Plaintiff prayed for dissolution, for the appointment of a receiver to liquidate under order of the court.

The defendant, by answer, denied the partnership, but admitted an operating agreement which was discontinued on July 31, 1953; that a loss of about $3,000.00 resulted from the operating arrangement.

At the May Term, 1955, the superior court ordered a compulsory reference and directed the referee to conduct a hearing on "all issues, both of fact and of law, involved in the above-entitled action," and report findings and conclusions. The referee conducted hearings, made detailed findings of fact, and based thereon concluded: (1) A partnership existed to which the plaintiff contributed $6,494.77, and the defendant contributed $6,967.18; (2) the plaintiff owed the partnership $700.00 in addition to the amount necessary to make him an equal owner in the partnership business; (3) the partnership had an operating loss of $4,856.68. The referee further concluded the plaintiff was entitled to have a receiver appointed to take charge of the assets and dispose of them.

The defendant filed detailed exceptions to the referee's report which were subsequently abandoned. At the July, 1956 Term, the report of the referee was confirmed and a consent order was entered (1) that

Paul Messick and Clarence Ross be appointed receivers; (2) that the
receivers "ascertain and make inventory of the property and assets
. . . involved in this litigation;" (3) the receivers "are hereby authoriz-
ed and empowered to sell, either publicly or privately, such property
as they may ascertain as belonging to the Ray Hosiery Mill and in-
volved in this action, and report their actions and such sales into
court."  ·

The plaintiff on two occasions made application to the superior
court to amend the complaint to allege the defendant was still opera-
ting the partnership business under a new name and that he be re-
quired to account to the plaintiff for the profits. In each instance the
court entered an order denying the motion. No exception was taken.

At the September Term, 1957, the court entered an order directing
the receivers to examine the present business now conducted by the
defendant and to ascertain whether any property of the Ray Hosiery
Mill as originally operated was in the possession of the defendant;
and whether the same was being used in the present business.

The receivers ascertained and listed the assets involved in the liti-
gation, sold the same for $700.00, and made report to the court on
October 5, 1957, and asked that the sale be approved. The receivers
were Mr. Messick, of counsel for the plaintiff, and Mr. Ross, of
counsel for the defendant. They had for distribution about $1,700.00,
less fees and costs which they had been ordered to pay.

At the September Term, 1958, the court, "on its own motion, hav-
ing ordered a reference as hereinafter set forth; and all parties hav-
ing by proper exceptions duly preserved their right to a jury trial on
the report of the referee"; . . . Thereupon a new referee was appointed
to:

"3. Hear the evidence of the parties and determine (a) whether
the defendant, during the pendency of this action, has commenced
a business of a similar nature to the business of the original part-
nership, and the nature of said business; (b) whether the defend-
ant, pending this action, has commenced another business where-
in he used any of the property or assets of the original partnership
and, if so, what property or assets.

"4. In the event his findings on either 3(a) or 3(b) above are
in the affirmative, he will require the defendant to render an ac-
count of all profits or net earnings from the operation of said new
business from its inception to the date of his Report; and will
hear and determine all exceptions and surcharges, if any, filed to
said account by the plaintiff."

To the foregoing order that the case be again referred, the defendant
excepted and from it, appealed.

PENTECOST *v.* RAY.

*Thomas C. Carter, Clarence Ross, Lee W. Settle for defendant, appellant.*

*W. D. Madry, Paul Messick, W. R. Dalton, Jr., for plaintiff, appellee.*

HIGGINS, J.  If the order appealed from is permitted to stand, the cause has made a circuit through the legal steps set forth in the statement of facts and is now only a few degrees off the position it occupied when Judge Sharp ordered it referred. The court has been spinning its wheels for almost four years. The new order of reference injects new questions into the cause and opens the door for a jury trial as to matters the plaintiff has sought to inject by unsuccessful attempts to amend his complaint. The present situation is this: The plaintiff sued for dissolution and accounting. The defendant denied the partnership. The court ordered a compulsory reference. The referee found a partnership existed, determined the amount each partner contributed, and the amount the plaintiff was due the partnership. The referee found that the partnership had an operating loss of more than $4,800.00, and that the plaintiff was entitled to a dissolution and to an accounting. The report was confirmed and no exceptions taken. Receivers were appointed, consisting of an attorney of record for each party. The receivers sold the assets, collected the accounts, and reported to the court.

Each partner is responsible to the partnership for what he takes from it as long as it exists. When the partnership is dissolved, either by the partners or by the court, the partners are responsible to each other for an accounting. *Casey v. Grantham,* 239 N.C. 121, 79 S.E. 2d 735. In this case, when the court appointed receivers to take over all the assets of the partnership, to liquidate them, and to report to the court for further orders, the partnership was thus at an end. The partnership property was in the hands of the court. If the receivers did not take over all the partnership property, the remedy is to send them back for it or to have its loss accounted for. The court may then make distribution. There is nothing in the record to warrant a further reference. The superior court should pass on the report of the receivers and make distribution if the report is approved. If it is not approved, the court should instruct the receivers what further action they should take in order to complete their duties.

To the end this may be done, the order appealed from is set aside. The case is remanded to the Superior Court of Alamance County for disposition as indicated.

Reversed.