STATE v. ELMER HEDRICK AND J. PAUL SNOW.

(Filed 6 January, 1953.)

**1. Conspiracy § 1—**

A conspiracy is a combination or agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means, the unlawful agreement and not the execution of the crime being the offense.

**2. Conspiracy § 6—**

A conspiracy may be established by circumstantial evidence.

**3. Same: Insurance § 67: Criminal Law § 52a (3)—Circumstantial evidence of defendants' guilt of conspiracy to procure insurance benefits by means of false claim held sufficient for jury.**

Evidence tending to show that appealing defendant transferred to his codefendant the certificate of title to a burned, nonexistent automobile, that the codefendant procured insurance based on the certificate, following which he reported the car stolen and filed claim thereon, with other related incriminating circumstances shown in evidence, *is held* sufficient to be submitted to the jury in a prosecution for conspiracy to procure insurance benefits by means of false claim, G.S. 14-214, notwithstanding that defendants' evidence, if believed by the jury, may have diluted the probative force of the State's evidence so that it did not exclude every reasonable hypothesis of innocence and point unerringly to guilt.

**4. Criminal Law § 81c (4)—**

Where concurrent sentences are imposed upon conviction of defendant on each of the counts in the bill of indictment, and there is no error in respect to the trial of any one count, any error relating to the other counts is harmless.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant Snow from *Rousseau, J.,* and a jury, 21 July, 1952, Criminal Term of GUILFORD (Greensboro Division).

Criminal prosecution on indictment charging Elmer Hedrick and Paul Snow, in three counts, (1) with conspiracy to procure insurance benefits by means of false claim in violation of G.S. 14-214; (2) with presenting false claim to procure insurance benefits in violation of G.S. 14-214; and (3) with preparing and subscribing to a false affidavit and proof of loss with intent to use same in procuring insurance benefits in violation of G.S. 14-214.

The evidence on which the State relies may be summarized as follows: The defendant Snow owned a 1946 model Plymouth automobile which was burned in Chatham, Virginia, on 10 December, 1951. The charred remains of the automobile were disposed of as junk and the automobile became nonexistent, and Snow was paid therefor by his insurance carrier. Thereafter, on 8 January, 1952, Snow, having retained the certificate of title to the burned automobile (though under the prevailing custom the certificate should have been turned in to the purchaser of the salvage), appeared with his codefendant Hedrick before a Notary Public with the certificate of title to the nonexistent 1946 Plymouth automobile, being Motor No. P15-168524, Serial No. 15186953. The motor number was stricken out by pen and above it was inserted "P4-196660," with notation thereon "motor changed." The appellant Snow made an assignment of the certificate of title to Hedrick. Also on 8 January, 1952, Hedrick went to the office of the Greensboro agent of the Miller Insurance Association of Illinois, and there filled out an application for a fire, theft, and

windstorm insurance policy covering a 1946 Plymouth automobile, 4-door sedan, being Motor No. P4-196660 and Serial No. 15186953. The agent's secretary typed up the policy and it was issued to Hedrick. No one in the agent's office saw or made effort to see the alleged automobile. According to the records of the North Carolina Department of Motor Vehicles, Snow on 8 January, 1952, transferred to Hedrick a certificate of title for a 1946 Plymouth automobile, 4-door sedan, being Motor No. P15-168524, Serial No. 15186953. Also, on the same day a certificate was filed with the Department of Motor Vehicles for a change of motor number on the certificate of title. The replacement number was P4-196660. The "P4" prefix indicates the motor had been used in a 1937 model Plymouth.

On the week end of 9 February, 1952, Hedrick, a married man with children, made a trip to Roanoke, Virginia. He said he did not know anybody in that city, and his only reason for going, as he put it, was "I go lots of places on weekends." He registered in a hotel in Roanoke on 9 February, 1952. Next morning, he reported to the police that his automobile had been stolen off the street the night before. He returned to Greensboro that afternoon, and subsequently filed a claim and proof of loss for the alleged stolen automobile with Miller Insurance Association of Illinois. The automobile alleged to have been stolen was a 1946 Plymouth, 4-door sedan, Motor No. P4-196660, Serial No. 15186953. Hedrick said he took the keys out of the allegedly stolen automobile before leaving it parked on the street in Roanoke, but on request to bring the keys to the insurance adjuster he said they had been misplaced and he could not find them.

Following these events, R. L. Turnage, a special investigator of the North Carolina State Insurance Department, contacted Hedrick at the store where he was working in Greensboro, and following this interview both Hedrick and Snow were arrested. The evidence of the State also discloses that the defendants had been friends or acquaintances for some considerable time. For a time prior to the events in evidence both had worked at the same store in Greensboro.

The defendants offered evidence tending to show that Snow owned, in addition to the car which was burned in Virginia, another Plymouth 4-door sedan—a 1947 model car that had been used as a taxicab—and that it was this car that he sold to Hedrick. Snow testified he did not intend to transfer the certificate of title to the burned car; that by oversight he picked up the wrong certificate and by mistake used it in making the transfer before the Notary. As to this, the State in rebuttal offered evidence tending to show that some two months after its alleged theft the second car was seen by a witness who said he knew the car and identified it as being the same one which Snow claimed he sold to Hedrick.

Other evidence *pro* and *con* bearing on this phase of the case, including the testimony of the State's witness Turnage to the effect that Hedrick made a full confession of guilt and implicated Snow during Turnage's interview with Hedrick prior to the arrests, is omitted as not being pertinent to decision.

The jury returned a verdict of guilty as charged against each defendant.

Judgment was entered as to each defendant as follows: On the first count charging conspiracy, imprisonment in the State's prison for not less than three nor more than five years; on the second and third counts, which were consolidated for judgment, a like sentence was imposed to run concurrently with the first.

The defendant Snow appeals, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*Sharp & Robinson and Adam Younce for J. Paul Snow, appellant.*

JOHNSON, J.　The single question presented by this appeal is whether the evidence offered below was sufficient to take the case to the jury over the defendant Snow's motion for judgment as of nonsuit.

A conspiracy may be defined as a combination or agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means. *S. v. Whiteside,* 204 N.C. 710, 712, 169 S.E. 711; *S. v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871; *S. v. Summerlin,* 232 N.C. 333, 60 S.E. 2d 322; *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Lea,* 203 N.C. 13, 164 S.E. 737.　The unlawful combination is the essence of criminal conspiracy; thus the conspiracy is the crime, and not its execution. *S. v. Whiteside, supra; S. v. Wrenn,* 198 N.C. 260, 151 S.E. 261. "As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is completed." *S. v. Knotts,* 168 N.C. 173, 83 S.E. 972. "No overt act is necessary to complete the crime of conspiracy." *S. v. Davenport, supra.*

Direct proof of conspiracy is not essential, for such is rarely obtainable. "It may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy." *S. v. Whiteside, supra.*

It necessarily follows that the crime of conspiracy may be shown by circumstantial evidence. *S. v. Whiteside, supra; S. v. Lea, supra; S. v. Martin,* 191 N.C. 404, 132 S.E. 16.　See also *S. v. Needham,* 235 N.C. 555, 71 S.E. 2d 29; *S. v. Shook,* 224 N.C. 728, 32 S.E. 2d 329.

Here, the evidence tending to show that Snow transferred to Hedrick the certificate of title to a burned, nonexistent automobile, that Hedrick

procured insurance based on this certificate, following which he reported the car stolen and filed claim for insurance benefits, with other related incriminating circumstances shown in evidence (not including the evidence of Hedrick's confession, admitted only against him), was sufficient to carry the case to the jury against Snow. The evidence offered by the defendants, if believed by the jury, may have recast the State's line of circumstantial evidence in such light as to have diluted its probative force before the jury to the point of not fulfilling the requirement that it exclude every reasonable hypothesis of innocence and point unerringly to the guilt of the defendants. *S. v. Needham, supra; S. v. Shook, supra.* Obviously, however, the jury in its composite wisdom, after hearing the testimony and observing the demeanor of the witnesses, disbelieved the defendants' evidence and resolved the issues against them. The record amply sustains the conviction and sentence on the conspiracy charge.

Whether the appealing defendant was properly convicted on the second and third counts in the bill, we need not now decide. His sentence on these consolidated counts was made to run concurrently with the sentence on the conspiracy count. Therefore, any errors in the failure of the court to nonsuit the case as to the second and third counts are harmless. *S. v. Beal,* 199 N.C. 278, 154 S.E. 604; *S. v. Lea, supra; S. v. Merritt,* 231 N.C. 59, 55 S.E. 2d 804; *S. v. Hicks, supra; S. v. Bovender,* 233 N.C. 683, 65 S.E. 2d 323.

The verdict and judgment will be upheld.

No error.

PARKER, J., took no part in the consideration or decision of this case.