STATE v. JOHN ROSEMAND McCULLOUGH, RAY LINK AND HENRY LEDWELL.

(Filed 2 May, 1956.)

**1. Criminal Law § 12f—**

Motion to quash a bill of indictment for a misdemeanor on the ground that the general county court had exclusive jurisdiction thereof is properly refused, since by provision of G.S. 7-64, the Superior Court is given concurrent original jurisdiction of all criminal prosecutions over which inferior courts had theretofore been given exclusive original jurisdiction.

**2. Conspiracy § 3—**

A conspiracy is the unlawful combination or agreement of two or more persons to do an unlawful thing or to do a lawful thing in an unlawful way by unlawful means.

**3. Conspiracy § 6—**

While a conspiracy must usually be proved by circumstantial evidence, such evidence must point unerringly to the existence of the conspiracy.

**4. Same: Intoxicating Liquor § 9d—Evidence of conspiracy held insufficient to be submitted to the jury.**

Defendants were charged with conspiracy to transport beer unlawfully, and with unlawful transportation of beer pursuant to the conspiracy. The State's evidence tended to show that one defendant owned the vehicle and was transporting beer therein to another defendant, and that he had delivered beer to such other defendant on three previous occasions, but did not identify such other defendant as the person who directed him to so deliver the beer, with further evidence, admitted only as against a third defendant, that such third defendant had stated that defendant owning the truck was his employee, and that on other occasions he had directed him to deliver beer in the truck in question, despite the fact that it had not been registered, but without evidence tending to connect such third defendant with the occasion in suit. *Held:* The evidence is insufficient to be submitted to the jury on the charge of conspiracy, and nonsuit on that count should have been allowed as to each of defendants, and as to the first two defendants on the charge of transportation.

**5. Conspiracy § 9—**

Where an indictment charges a conspiracy to do an unlawful act, and with the commission of such act pursuant to the conspiracy, a defendant may be convicted of the substantive offense, notwithstanding the absence of sufficient evidence to take the conspiracy count to the jury, since the establishment of the conspiracy is not a prerequisite to the conviction of the substantive offense, and, in such event, the charge that the offense was committed pursuant to the conspiracy will be treated as surplusage.

**6. Intoxicating Liquor § 9d—**

The State's evidence that one defendant owned the truck in question and was driving same loaded with beer without having the truck first registered for the purpose of transporting beer as required by law, is sufficient to sustain the conviction of such defendant under G.S. 18-66.

APPEAL by defendants from *Clarkson, J.,* January Criminal Term, 1956, of LINCOLN.

This is a criminal action tried upon a bill of indictment. The first count in the bill charges the defendants with conspiring on the 7th day of February, 1955, to unlawfully and wilfully transport beer to Lincoln County without first having the motor vehicle used registered with the Commissioner of Revenue and without proper invoices or bills of sale for the beer transported, in violation of the Beverage Con-

trol Act of 1939, as amended; and the second count charges the unlawful transporting of beer pursuant to said conspiracy.

The State's evidence shows that about 9:00 o'clock on the night of 7th February, 1955, Highway Patrolmen R. E. Smart and R. H. Dillard were parked at the intersection of what is known as the plank road and Highway No. 27 in Lincoln County, near the defendant's service station or store. That they observed a panel truck traveling toward Lincolnton on Highway No. 27. As the driver of the truck got about even with Link's service station or store, the lights on the truck went out. Patrolman Smart started his car and pursued the truck, which was driven by the defendant John Rosemand McCullough. The truck traveled some 200 feet down the highway without lights and made a left turn into the driveway at the defendant Ray Link's home. The patrolmen followed the truck and turned into the driveway. Patrolman Smart testified that the defendant McCullough got out of the truck and "proceeded to the rear of Mr. Link's house . . . , he got to the back porch and rapped on the door once or twice, and I called to the subject (McCullough) on the back porch and asked him to come down, that I would like to talk with him, that I wanted to check his driver's license and registration. I had a short conversation with John McCullough enroute from the back porch to the truck. I asked him what he had on the truck and he said he had sixty cases of beer. I also asked him about his lights, and he said he was having trouble with his lights . . . , I opened the door to check his lights . . . to see where the trouble was and as I did that . . . I observed beer stacked up to the top of the truck, labeled packages. . . . I asked him if it was his truck and he said it was, and I asked him if he had any bill of lading, and he said he did not have any bill of lading or anything for the beer. He said he was advised to carry it to that location, to bring it there. At that time Mr. Ray Link had come up to where we were talking, and I asked him (McCullough) if he had been there before . . . and he said he had been there several times . . . ." The solicitor asked the witness this question: "Did the defendant John McCullough tell you at that time in the presence of Ray Link, that he had hauled beer there at that place for at least three times, on three occasions prior to that time?" Mr. Smart answered "Yes," and further testified, "I then turned to Mr. Link and said, 'Mr. Link, what do you think about all of this conversation that we have had?' And he said, 'I don't know a thing about it.' "

The State's evidence further shows that there was no sign or numbered certificate displayed on the truck to indicate that the vehicle had been registered with the Commissioner of Revenue for use in transporting beer, as required by G.S. 18-66.

Patrolman Dillard testified that he was assisting Patrolman Smart on the occasion in question; that the defendant McCullough stated in the presence of the defendant Link that he had been directed to bring the beer to Link's place and that he had made several deliveries to Link's place on previous occasions. He further testified that he had heard the defendant Ledwell make a statement in a previous trial, in which Ledwell was a witness and not a defendant, that the truck in question belonged to the defendant McCullough; that it was used in transporting beer for his company and that it was not registered with the Department of Revenue; that McCullough was an employee of his and that he paid him "a commission of 15c a case for delivering the beer in the unregistered truck."

Irene LeQueux testified that she was the duly appointed and acting court reporter for Lincoln County in April and May, 1955; that she reported the case at the May Term 1955 of Lincoln Superior Court in which John McCullough and Henry Ledwell testified as witnesses. The witness identified the transcript of the evidence as taken down and transcribed by her. She was permitted to read into the record certain questions propounded to the defendant Ledwell and his answers thereto in a trial in May 1955, in which trial the defendants Link and McCullough were defendants charged with violating the Alcoholic Beverage Control Act and in which case Ledwell was not a party but only a witness. Ledwell's testimony in the former trial was to the effect that he was President and General Manager of the C & G Sales Company in Charlotte, and had been General Manager for four or five years. That McCullough had been employed and paid by him for four or five years; that his company had five trucks duly registered and marked which it used to transport beer, but that he had used the truck in question which belonged to McCullough to transport beer on prior occasions, despite the fact that it had not been registered.

James Taylor, an inspector for the Alcoholic Beverage Control Board, Malt Beverage Division, testified that he had been in court during the previous trial and heard Ledwell testify that, he knew the panel truck was not registered with the Department of Revenue; that he had delivered beer in it before, and that he directed McCullough to deliver the beer to Catawba County.

The jury found all the defendants guilty on each count, and from the judgment entered the defendants appeal, assigning error.

*Attorney General Rodman, Asst. Attorney General McGalliard for the State.*

*W. H. Childs, Sr., R. G. Cherry, O. A. Warren, and Kemp B. Nixon for defendants.*

DENNY, J.   We shall not undertake a seriatim discussion of the 126
assignments of error based on the 146 exceptions set out in the record.

The first questions for determination are these:  (1) Did the court
below commit error in refusing to quash the bill of indictment?  (2)
Was the State's evidence sufficient to withstand the motion made by
each defendant for judgment as of nonsuit?

The motion to quash the bill of indictment on the ground that the
General County Court of Lincoln County has exclusive original juris-
diction of the misdemeanors charged therein is without merit.   G.S.
7-64 provides: "In all cases in which by statute original jurisdiction
of criminal actions has been, or may hereafter be, taken from the
superior court and vested exclusively in courts of inferior jurisdiction,
such exclusive jurisdiction is hereby divested, and jurisdiction of such
actions shall be concurrent and exercised by the court first taking
cognizance thereof."   This statute is applicable to Lincoln County.

The defendants assign as error the refusal of the court below to
sustain their motion for judgment as of nonsuit.

The defendants contend that since the defendant Ledwell was only
a witness and not a party defendant in the former trial referred to
in the evidence, his testimony in that trial was not admissible against
him in the present trial.   Conceding, but not deciding, that such evi-
dence was admissible, it was admitted, and properly so, against the
defendant Ledwell only.   This being so, if all the evidence offered by
the State, including that admitted against Ledwell, is insufficient to
sustain the charge of conspiracy, it is unnecessary to determine whether
or not the evidence admitted against Ledwell was admissible.

The statements made by Ledwell in the former trial can be con-
sidered against him only in determining whether the evidence offered
by the State was sufficient to carry the case to the jury on the charge
of conspiracy.   "A conspiracy is the unlawful concurrence of two or
more persons in a wicked scheme—the combination or agreement to
do an unlawful thing or to do a lawful thing in an unlawful way by
unlawful means."   *S. v. Whiteside,* 204 N.C. 710, 169 S.E. 711; *S. v.
Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Summerlin,* 232 N.C.
333, 60 S.E. 2d 322; *S. v. Parker,* 234 N.C. 236, 66 S.E. 2d 907; *S. v.
Hedrick,* 236 N.C. 727, 73 S.E. 2d 904.

Direct proof of the charge of conspiracy is rarely obtainable.   But
to establish such a charge, the evidence or acts relied upon, when
taken together, must point unerringly to the existence of a conspiracy.
*S. v. Whiteside, supra; S. v. Wrenn,* 198 N.C. 260, 151 S.E. 261.

Here we have no evidence against Ledwell except his own statements
at the former trial, which cannot be considered against the defendants
Link and McCullough.   Furthermore, when the statements are con-

sidered against Ledwell, they do not connect him with the delivery of this particular beer to Link on 7th November, 1955. In fact, the State's evidence tends to show that whatever beer Ledwell turned over to the defendant McCullough to deliver in his truck, he directed its delivery to Catawba County and not to Lincoln County. On the other hand, there is nothing in the statements that McCullough made to the Highway Patrolmen to connect Ledwell with the transportation of the beer found in McCullough's truck. Moreover, Ledwell not being present when McCullough made his statements to the patrolmen, had he implicated Ledwell, such evidence would not have been admissible to establish the conspiracy. As to Link, it is true McCullough said he had delivered beer to Link on three previous occasions, but he did not identify Link as the person who directed him to do so. The defendant Link denied knowing anything about the present or previous deliveries of beer. While such denial was only contradictory of McCullough's statement and did not affect its admissibility, we do not think the State's evidence was sufficient to support the charge of conspiracy. It follows, therefore, that the defendant's motion for judgment as of nonsuit as to the charge of conspiracy should have been allowed as to each of the defendants. S. v. Wrenn, supra.

As to the second count, which charges the defendants with the unlawful transportation of beer pursuant to the conspiracy, it is our opinion that the evidence is insufficient to sustain the conviction as to the defendants Link and Ledwell of the substantive offense charged in this count. However, we hold the evidence to be sufficient to sustain the verdict on this count as to the defendant McCullough. "On failure of proof as to conspiracy accused may still be convicted of the substantive offense under an indictment charging both." 15 C.J.S., Conspiracy, section 90, page 1135; Kelly v. United States, 258 F. 392, 169 C.C.A. 408, certiorari denied, 249 U.S. 616, 63 L. ed. 803. McCullough's statements to the Highway Patrolmen to the effect that he owned the truck used by him in the transportation of the beer; that he had in his truck sixty cases of beer which he was directed to deliver to Link; that his truck was not registered for the purpose of transporting beer as required by law, and that he had no "bill of lading or anything else for the beer," are sufficient to sustain the conviction as to him on the substantive offense charged in the second count. G.S. 18-66. The fact that the second count states that the substantive offense was committed pursuant to the conspiracy, will be treated as surplusage. No overt act is essential to the establishment of the crime of conspiracy. S. v. Hedrick, 236 N.C. 727, 73 S.E. 2d 904; S. v. Davenport, supra; S. v. Whiteside, supra; S. v. Wrenn, supra; 15 C.J.S., Conspiracy, section 36, page 1059, et seq. Neither was the establish-

PHILLIPS *v.* MINING CO.

ment of a conspiracy a prerequisite to a conviction of the substantive offense charged in the second count in the bill of indictment. Moreover, in the trial below, the court charged the jury that on the second count the jury might find one or more of the defendants guilty or not guilty. In our opinion, the defendant McCullough has had a fair trial, free from prejudicial error, on the substantive offense charged in the second count of the bill of indictment.

The remaining assignments of error, in our opinion, present no prejudicial error that would justify a new trial as to the defendant McCullough. Therefore, the judgment entered below will be reversed as to the defendants Link and Ledwell on both counts and as to the defendant McCullough on the first count, but upheld as to the defendant McCullough on the second count.

Reversed on both counts as to defendants Link and Ledwell.

Reversed on first count as to defendant McCullough.

No Error as to defendant McCullough on second count.