Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner, with minor modifications, as follows:
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The date of injury in this case is July 3, 1996.
2. Plaintiff sustained an injury by accident arising out of and in the scope of his employment.
3. Plaintiff's average weekly wage was $200.00.
4. Medical documentation consisting of sixteen pages are stipulated into evidence.
5. The issue in this case is whether the plaintiff is an employee as defined by the Workers' Compensation Act.
********
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact by the Deputy Commissioner with modifications and finds as follows:
FINDINGS OF FADO
1. The plaintiff has a ninth grade education and had been working for defendant-employer over a period of months.
2. Plaintiff was responsible for moving belongings from individuals' homes to the moving truck and for unloading those belongings from the truck and bringing them into residences.
3. On July 3, 1996, plaintiff was packing belongings of Beth Smith and went to the attic. Plaintiff slipped and a part of his body went through the sheetrock. Plaintiff sustained injuries as a result of this accident.
4. At the time of his injury, plaintiff was working pursuant to an agreement that he had signed with defendant-employer which indicated that he was self-employed. In said agreement, plaintiff agreed to be responsible for and pay all taxes. This agreement was routine and was signed by plaintiff on a regular basis before beginning work on each new job for the defendant-employer.
5. Plaintiff had signed such a release and also signed a waiver of workers' compensation coverage when he had worked for the defendant on prior occasions.
6. Plaintiff was paid in full without any withholding or social security taxes being withheld by the defendant.
7. Plaintiff had received a Form 1099 for his 1995 income from the defendant which indicated that he was a non-employee.
8. Plaintiff was paid $8.00 per hour for work performed. He was paid by the job; he obtained jobs by calling in to check on the availability of work and sometimes the defendant would call him if a job became available. Plaintiff was paid at the completion of each job. Defendant had offered plaintiff a job as a regular employee on one occasion, but plaintiff refused.
9. On July 3, 1996, plaintiff was taken to the home of Beth Smith and allowed to use his own judgment and methods as to moving Ms. Smith's belongings from her residence.
10. At the time of plaintiff's injury, he was working as an independent contractor and not an employee of defendant.
********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to show by the greater weight of the competent, credible evidence that an employer-employee relationship existed at the time of his injury on July 3, 1996. Plaintiff was working as an independent contractor for the defendant on said date. An independent contractor is not an employee under the North Carolina Workers' Compensation Act, and therefore is not covered by the Act. N.C. Gen. Stat. § 97-2(2).Hayes v. Board of Trustees of Elon College, 244 N.C. 11,29 S.E.2d 137 (1994).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(2).
3. If plaintiff is considered a subcontractor, he had no employees and defendant would not be liable for an injury to plaintiff. N.C. Gen. Stat. § 97-19 (effective June 10, 1996).
********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim must be under the law and is hereby DENIED.
2. Each side shall bear its own cost.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
BSB:md